The Honorable Marsha Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, an individual, MICHAEL SPAULDING, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KSHAMA SAWANT, an individual.<br><br>　　　　　Defendant. | NO. 2:18-CV-00506-MJP<br><br>PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE: JURISDICTION |

PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER - i

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6617048.1

On September 17, 2018, the Court issued a Show Cause Order requesting the basis upon which federal jurisdiction is claimed in this matter. Plaintiffs' respectfully submit this memorandum in response.

## I. NATURE OF THE OFFICERS' FEDERAL RETALIATION CLAIM

Based upon the allegations in their amended complaint (dkt. 9), the Plaintiff Officers have alleged a First Amendment retaliation claim against Defendant Sawant and the City of Seattle under 42 U.S.C. § 1983. Simply stated, when the Officers alleged a defamation claim against Sawant, the City could have let the process—between the individuals, all of whom are Seattle employees—run its course. The City chose not do go this route, instead, it picked sides. This came in the form of:

- Immediately after the Officers indicated publically that they might have to bring a claim against the City, the City re-opened an investigation into the Che Taylor shooting—which had been closed, with the officers cleared, several times over;

- The Officers were required, under pain of termination, to testify about the shooting under oath and on the record. They were told they would be required to do so without being permitted to review the file and without counsel;

- Meanwhile, the City hired three large outside law firms to defend Sawant against the defamation claim,[1] while simultaneously refusing to hire *any* outside attorneys to defend the Officers in the wrongful death action recently filed arising out of the same shooting.[2]

This is textbook retaliation for the Officers' decision to speak out on a matter of public importance,[3] which is of constitutional dimension. "[S]tate action designed to retaliate against

---

[1] To date, the following firms have been hired at taxpayer expense to oppose or appear against the Officers: Davis Wright Tremaine, Carney Badley Spellman, and the Summit Law Group. This is separate from Sawant's own counsel, Schwerin Campbell Barnard Iglitzin & Lavitt LLP.

[2] Over objection, the Officers are being defended by the City Attorney's Office, which continues to maintain that there is no conflict of interest—despite the City being a directly adverse party in another action arising out of the same shooting.

[3] In the preceding state court lawsuit, Sawant repeatedly pointed out that the conduct of public officials and police officers constituted a matter of public concern. This was, in fact, one of her primary defenses.

PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6617048.1

and chill political expression strikes at the heart of the First Amendment." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989) ("The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances."); *see also BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (stating that the right to petition extends to all departments of government and that the right of access to the courts is but one aspect of the right of petition).

There is no dispute that the Officers spoke out, both in the form of petitioning the City vis-à-vis its taxpayer funding of Sawant's defense and filing suit. Nor is there any dispute that this is protected speech about an issue of "political, social or other concern to the community." *See Connick v. Myers*, 461 U.S. 138, 146 (1983); *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983) (speech involving the "working relationship between the police union and elected city officials" was entitled to "the highest level of protection"); *Johnson v. Multnomah Cty., Or.*, 48 F.3d 420, 427 (9th Cir. 1995) (government does not have a legitimate interest in retaliating against people speaking out against mismanagement or corruption; "otherwise, 'some of the most important public employee speech-exposing government corruption, wrongdoing, or incompetence-would be left outside the First Amendment's aegis.'").

The only issue, fundamentally, is whether the City has a compelling justification for re-opening a closed investigation into the Officers' conduct (*i.e.*, an adverse employment action[4])—days after the Officers spoke out against the City—when the same agency cleared them no less than three times more than a year ealier.

## II. JURISDICTION

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists when a federal question

---

[4] A formal investigation and being forced to testify—under pain of termination—is undisputedly something that "might dissuade a reasonable worker from making or supporting a charge…" *See Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006).

PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6617048.1

is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing See *Gully v. First National Bank,* 299 U.S. 109, 112–113 (1936)).  The issue is whether "adjudication of the plaintiff's claim will depend on the application of one of the sources of federal law enumerated in Section 1441(c)," Wright and Miller, 14B FEDERAL PRACTICE AND PROCEDURE § 3722 (4th ed. 2015), which are the "Constitution, laws, or treaties of the United States."

On the face of their complaint, the Officers are seeking relief through a federal causes of action (42 U.S.C. § 1983), for alleged deprivations of federal rights (retaliation for exercising rights secured by the First Amendment).  *See, e.g.,* Amended Complaint ¶¶ 56-67.  Where, as here, the complaint "is so drawn as to seek recovery directly under the Constitution or laws of the United States," the federal court properly entertains the suit.  *Bell v. Hood,* 327 U.S. 678, 681 (1946); *Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 34 (1st Cir. 2013) (when complaint alleged "violations of speech and association rights guaranteed by the Constitution of the United States" the federal question "appear[ed] on the face of their request" and the federal courts entertain the suit).[5]

This comports with 28 U.S.C. § 1331, which gives the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  There are additional claims arising under state law—for example, state law defamation—to be sure.  However, they are subject to supplemental jurisdiction under 28 U.S.C. § 1367 because they are factually related to the federal question and "form part of the same case or controversy."

---

[5] It should be noted that the Plaintiff Officers need not show that their speech was actually inhibited or suppressed but rather that the adverse action at issue "would chill or silence a person of ordinary firmness from future First Amendment activities." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005)).

PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6617048.1

### III. CONCLUSION

The Officers believe that this is the proper forum to have their dispute heard, which is why they filed in this Court. However, if the Court somehow concludes otherwise and remands to superior court, the Officers will accept that ruling—so long as their claims are not dismissed or substantively limited. The Officers simply wish to prosecute their claims on the merits and take their day in Court.[6]

DATED this 19th day of September, 2018.

> s/Daniel A. Brown
> Daniel A. Brown, WSBA #22028
> Attorneys for Plaintiffs Miller and Spaulding
> **Williams Kastner & Gibbs PLLC**
> 601 Union Street, Suite 4100
> Seattle, WA 98101-2380
> Telephone: (206) 628-6600
> Fax: (206) 628-6611
> Email: dbrown@williamskastner.com

---

[6] Currently long pending is the defendants' "motion for definite statement" which defendants have promised will be followed (win or lose on that motion) with a motion to dismiss. Until these preliminary motions are resolved, this case is at a standstill.

PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6617048.1

# CERTIFICATE OF SERVICE

1  I hereby certify that on September 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

s/ Daniel A. Brown<br>
Daniel A. Brown, WSBA #22028<br>
WILLIAMS, KASTNER & GIBBS PLLC<br>
601 Union Street, Suite 4100<br>
Seattle, WA 98101-2380<br>
Telephone:  (206) 628-6600<br>
Fax:  (206) 628-6611<br>
dbrown@williamskastner.com<br>
Attorneys for Plaintiffs Miller and Spaulding

PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6617048.1