UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, et al., | CASE NO. C18-506 MJP |
| Plaintiffs, | ORDER ON MOTION FOR A MORE DEFINITE STATEMENT |
| v. | |
| KSHAMA SAWANT, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed:

1. Defendant Sawant's Motion for a More Definite Statement (Dkt. No. 11),

2. Plaintiff Miller and Spaulding's Response to Defendant's Motion for a More Definite Statement (Dkt. No.14),

3. Defendant Sawant's Reply in Support of Motion for a More Definite Statement (Dkt. No. 15),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED; Plaintiffs are ordered to file an amended complaint which complies with the substance of this order by no later than **October 5, 2018.**

**Background**

In February of 2016, Plaintiffs/Officers Miller and Spaulding shot and killed an ex-felon named Che Taylor. (Dkt. No. 9, First Amended Complaint ["FAC"], ¶ 2.) Their complaint alleges that, "approximately five days after the shooting," Defendant/Councilmember Sawant spoke to a crowd in front of the police department. In the course of her address, she referred to the killing of Taylor as a "brutal murder" that was the product of "racial profiling." (Id., ¶ 24.) The FAC also alleges that "Sawant reiterated the above-statements publicly throughout the year." (Id., ¶ 29.)

Plaintiffs originally sued Sawant individually in King County Superior Court. When the City of Seattle announced that Sawant was acting within the scope of her official duties (and took other actions alleged in the FAC), however, Plaintiffs withdrew their state lawsuit and filed a new case in federal court, naming both Sawant and the City as defendants.

**Discussion**

A motion for a more definite statement under FRCP 12(e) should be granted when a complaint is found to be "so vague and ambiguous that [a defendant] cannot reasonably be required to frame a responsive pleading, or if more particularity in that pleading [would] further the efficient economical disposition of the action."

Defendants seek a revised pleading which identifies with more specificity (1) the statements allegedly made by Defendant Sawant claimed to be false/defamatory, (2) when each statement was made, and (3) to whom it was made.

Plaintiffs interpose two objections to the 12(e) motion:

1. <u>Motions for a more definite statement are disfavored</u>: In general this is true, but not in the slander/defamation arena. In fact,

> There are… minimum requirements for a defamation claim, such as the identification and substance of the complained of statements, to whom the statements were made, and whether the statements were heard by third parties. <u>McKenzie v. MCI Worldcom, Inc.</u>, 2000 WL 1303041, *2 (D.Kan.2000) (mem.op.). Where such allegations are lacking, the court may grant a motion for more definite statement and the plaintiff may be required to plead the additional information.

<u>Coffman v. United States</u>, CIV-07-349-F, 2007 WL 1598635, at *1 (W.D. Okla. June 4, 2007).

While Plaintiffs' allegations regarding the initial incident satisfy these requirements, their vague allusions to later "reiterations" of the defamatory statements do render their pleading "unintelligible" in the sense that Defendants rightfully have no idea how to respond to them.

2. <u>12(e) motions should not be used for discovery purposes</u>: Again, this is generally true, but where the details requested are necessary to allow Defendants to respond to the allegations, 12(e) is a permissible vehicle. Plaintiffs' objection that the information Defendants seek can be obtained through discovery is not well-taken.

> If details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12(e).

<u>Hawkins v. Kiely</u>, 250 F.R.D. 73, 76 (D.Me. 2008).

**Conclusion**

The Court will GRANT the motion to require plaintiffs to amend their complaint, making certain to provide the basic information (when the statements were made, to whom they were made or by what means of publication, and what was said) about all allegations of defamatory statements contained in Plaintiffs' First Amended Complaint.

Plaintiffs must file an amended complaint in conformity with this ruling by no later than **October 5, 2018.**

The clerk is ordered to provide copies of this order to all counsel.

Dated September 21, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge