**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT MILLER, an individual; MICHAEL SPAULDING, an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> KSHAMA SAWANT, an individual; CITY OF SEATTLE, a municipal corporation, <br><br> Defendants-Appellees. | No.   19-35228 <br><br> D.C. No. 2:18-cv-00506-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted April 8, 2020[**]
Pasadena, California

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Scott Miller and Michael Spaulding ("Plaintiffs") appear from the district court's dismissal of their second amended complaint without leave to amend. We deny defendant Kshama Sawant's ("Sawant") Motion to Dismiss Appeal for Lack

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of Appellate Jurisdiction, and we affirm in part, and reverse and remand in part, the district court's dismissal of the second amended complaint with prejudice.

1. We have jurisdiction under 28 U.S.C. § 1291. A dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) "of a remaining defendant does not render a previous order finally dismissing another defendant 'non-final' for purposes of appellate jurisdiction under 28 U.S.C. § 1291." *Duke Energy Trading & Mktg, L.L.C. v. Davis*, 267 F.3d 1042, 1050 (9th Cir. 2001). The filing of the notice "unjoin[s]" the defendant(s) who are the subject of the notice, *id.* at 1049, and "automatically terminates the action as to [them]," *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)).

Here, Plaintiffs' voluntary dismissal under Rule 41(a)(1)(A)(i) of "all claims against the defendant City of Seattle" had the effect of unjoining the City of Seattle (the "City") as a defendant in this case.[1] The district court's order dismissing

---

[1] The parties mistakenly view Plaintiffs' dismissal as having the effect of dismissing only the § 1983 claim against the City. But Rule 41(a)(1)(A)(i) grants plaintiffs an "absolute right" to dismiss a defendant, a right that "may not be extinguished or circumscribed by adversary or the court." *Duke Energy Trading*, 267 F.3d at 1049 (quoting *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993); *see, e.g., Commercial Space Mgmt.*, 193 F.3d at 1079 n.7, 1080 (holding that the district court lacked jurisdiction to impose conditions on the plaintiff's Rule 41(a)(1)(A)(i) voluntary dismissal); *Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1110–11 (9th Cir. 1999) (holding that the district court lacked authority to vacate a Rule 41(a)(1)(A)(i) voluntary dismissal). Here, Plaintiffs' notice of

Sawant with prejudice therefore constitutes a final, appealable order.

We reject Sawant's argument that Plaintiffs' dismissal "eliminated federal subject matter jurisdiction" because it constituted an amendment to the complaint. Plaintiffs dismissed *all* claims against the City—not a subset of their claims—and the dismissal was therefore pursuant to Rule 41(a), not Rule 15(a), which governs amendments to the complaint. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005). To the extent Sawant challenges the district court's continuing exercise of jurisdiction over the defamation claims, she has waived that objection. *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1171 (9th Cir. 2001) (observing that the exercise of supplemental jurisdiction under 28 U.S.C. § 1376(c) is "treated differently from Article III jurisdiction" and "may not be raised for the first time on appeal"). Therefore, we deny Sawant's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction.

2. Reviewing de novo, *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003), we agree with the district court that the complaint does not plausibly plead that Sawant's statements regarding the Che Taylor shooting were "of and concerning" Plaintiffs individually, or under a small group theory. Under Washington law, a plaintiff can show that a defamatory

---

dismissal divested the district court of jurisdiction, and the court therefore lacked authority to take any further action as to Plaintiffs' case against the City.

3

remark that refers to a group of individuals is "of and concerning" him by showing either that "(a) the group or class is so small that the matter can reasonably be understood to refer to the member, or (b) the circumstances of publication reasonably give rise to the conclusion that there is particular reference to the member." *Sims v. Kiro, Inc.*, 580 P.2d 642, 646 (Wash. Ct. App. 1978) (quoting Restatement (Second) of Torts § 564A (1977)).  Here, the operative complaint does not plead any facts to show that Sawant's remarks can reasonably be understood to refer to Plaintiffs.[2]  We therefore affirm the district court's dismissal of the second amended complaint.

    3.  However, the district court abused its discretion in denying leave to amend.  *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016 (9th Cir. 1999) ("A district court's denial of leave to amend is reviewed for an abuse of discretion, keeping in mind the strong policy in favor of allowing amendment, and considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." (quoting *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)).  "Dismissal without leave to amend is improper unless it is clear, upon

---

[2] Plaintiffs' motion to take judicial notice of various news articles regarding the shooting for the limited purpose of showing when their names were disclosed to the public is granted.  *See* Fed. R. Evid. 201; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time . . . .'" (quoting *Premier Growth Fund v. Alliance Capital Mgmt.,* 435 F.3d 396, 401 n.15 (3d Cir. 2006))).

de novo review, that the complaint could not be saved by any amendment." *Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012) (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008)).  Because Plaintiffs may be able to plead additional facts to show that Sawant's remarks can reasonably be understood as referring to them, such as who heard the remarks, and whether anyone identified Plaintiffs as the subject of them, we cannot say that amendment would be futile.[3]

4.   We deny Plaintiffs' request to reassign the case to a different district judge on remand.  Nothing in the record indicates that the assigned judge will have "substantial difficulty in putting out of . . . her mind previously expressed views" of this case, or that reassignment is "advisable to preserve the appearance of justice."  *United States v. Walker River Irrigation Dist.*, 890 F.3d 1161, 1173 (9th Cir. 2018) (quoting *United States v. Rivera*, 682 F.3d 1223, 1237 (9th Cir. 2012)).

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART**.

Each party shall bear its own costs on appeal.

---

[3] The district court erred to the extent it concluded that Plaintiffs may not plead extrinsic facts to show that Sawant's statements were "of and concerning" them. *See Purvis v. Bremer's, Inc.*, 344 P.2d 705, 711 (Wash. 1959) ("While the reasonable meaning of published words cannot be altered or extended by the pleading of innuendo, the pleader may be able to add meaning to words by a pleading of the circumstances surrounding the publication.").