Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, an individual, MICHAEL SPAULDING, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KSHAMA SAWANT, an individual. CITY OF SEATTLE, a municipal corporation,<br><br>　　　　Defendant. | NO. 2:18-cv-00506-MJP<br><br>THIRD AMENDED COMPLAINT AND JURY DEMAND |

## INTRODUCTION

1.　Police officers, Scott Miller and Michael Spaulding, had their reputations ruined by an ambitious politician, doing so for personal gain.

2.　In February 2016, Officer Spaulding and Detective Miller were apprehending Che Taylor when he began pulling a gun on them.

3.　The officers were forced to fire, defending their lives and ending his. In less than a week, having never spoken to the officers, their attorney, the department, and with the investigation still incomplete, Kshama Sawant was publicly pronouncing these officers as "murderers" and claiming them to be racists by referring to the shooting as a product of "racial profiling."

THIRD AMENDED COMPLAINT AND JURY DEMAND – 1
(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

4. Sawant continued defaming the officers, with particular emphasis immediately before their inquest hearing—despite the officers having been cleared by an impartial jury.

**THE PARTIES**

5. Plaintiff, Scott Miller, is an individual residing in Snohomish County.

6. Plaintiff, Michael Spaulding, is an individual residing in King County.

7. Defendant, Kshama Sawant, is an individual residing in King County.

**JURISDICTION AND VENUE**

8. This Court had original jurisdiction over claims that were brought under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 against the City of Seattle, which were previously part of this lawsuit but have since been dismissed.  Under 28 U.S.C. § 1367, this Court retains supplemental jurisdiction over the state law claims arising out of the same nucleus of operative facts as the dismissed federal claims.

9. Venue is properly located in the Western District of Washington under 28 U.S.C. § 1391(b), as the incidents complained of in this Complaint occurred in King County, Washington, and the defendant is a resident of King County, Washington.

**FACTUAL BACKGROUND**

<u>The Defendants</u>

10. Defendant, Kshama Sawant, is a well-known local figure, with national ambitions.

11. She has been criticized for using City of Seattle resources to play to her base and inject herself into national politics.

12. She made headlines, for example, when she used her platform to advocate "shutting down" the presidential inauguration.

13. Sawant brands herself as counter-cultural and denies being part of "the system."

THIRD AMENDED COMPLAINT AND JURY DEMAND – 2
(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

14. According to her various public statements and website, she is a "voice for working people."

15. Sawant, therefore, holds significant credibility with the public, particularly in the Seattle metropolitan area. People assume that when she speaks, even when expressing opinion, it is based upon facts made available to her by virtue of her leadership position, role in Seattle, and socialist folk-hero status.

16. As discussed below, one of Sawant's most effective political tools has historically been opposition to law enforcement.

17. Sawant has, herself, been arrested several times when interfering with law enforcement and engaging in disorderly conduct, all to the approval of her political base.

18. In Sawant's own words, "the buck stops with her" in the City of Seattle. To the extent the City must decide between line-level employees and a councilmember, it is no contest.

19. Contrary to Sawant's articulated politics, the City's own working class have no real voice in opposition to City leadership.

### The Che Taylor Shooting

20. Officer Spaulding and Detective Miller are police officers in the Seattle Police Department.

21. In February 2016, Officer Spaulding and Detective Miller were called upon to serve a high-risk warrant in the Wedgewood/Lake City area.

22. The context was dangerous to begin with. However, it became even more dangerous when Che Taylor arrived in a Black Dodge.

23. The officers immediately recognized him as a known drug dealer, pimp and felon—recently released from prison following a 23-year sentence for break-in and forcible rape.

24. Taylor was also a suspect in a Kirkland-based murder investigation, in which the victim was beaten to death with a hammer.

THIRD AMENDED COMPLAINT AND JURY DEMAND – 3
(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

25. At the time, Taylor had two "strikes" and a visible gun in a holster on his right hip (which was, itself, a felony triggering an ATF hit).

26. The officers knew that an arrest would likely lead to a violent confrontation, as Taylor, if convicted, would be going back to prison for the rest of his life.

27. While the officers waited for backup in order to arrest Taylor for unlawful possession of a firearm, he went down to the nearby trailer park—a location known to be rife with narcotics—and attempted to pimp out the female who accompanied him.

28. When Taylor returned to the scene, still armed, the arrest team was arriving. As they approached, it drew Taylor's attention and the officers moved to the backside of the vehicle—and began shouting commands for him to show his hands.

29. Taylor did not comply. Instead, he ducked down and began reaching for the gun in his holster.

30. The police car's vehicle camera picked up the officers' final shouts, "hey no hey no hey no" before both were forced to open fire.

31. When Taylor fell, the gun—which was out of the holster and in his hand at that point—fell into his vehicle.

32. Che Taylor passed away and the officers were put on administrative leave per standard operating procedure.

33. Consistent with state law, the King County prosecutor began convening an inquest to determine whether charges should be brought.

False Statements

34. Approximately five days after the shooting, Sawant appeared before a crowd and media in front of the police department.

35. This was not official city council business, and certainly not a "legislative function."

THIRD AMENDED COMPLAINT AND JURY DEMAND – 4
(2:18-cv-00506-MJP)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

36. Sawant, however, implied awareness of inside factual information, and appeared to be making a statement against interest.

37. With gravitas established, she went on to pronounce Che Taylor's death a "brutal murder" and product of "racial profiling," stating, in relevant part, as follows:

> ***This is dramatic racial injustice***, in this city and everywhere in this nation. ***The brutal murder of Che Taylor, just a blatant murder at the hands of the police***, show how urgently we need to keep building our movement for basic human rights for black people and brown people. I want to let you know that I stand here both as an elected official, as a brown person, as an immigrant woman of color, and as someone who has been in solidarity with the Black Lives Matter movement, and our movement for racial, economic and social justice.…
>
> And I am here as an elected official because I am completely committed, unambiguously committed, to holding the Seattle Police Department accountable for ***their reprehensible actions, individual actions***. ***We need justice on the individual actions*** and we need to turn the tide on the systematic police brutality and ***racial profiling***.

38. The crowd can be heard acknowledging and accepting the statements.

39. In making these public statements about two private citizens, who did everything right:

    a. Sawant never attempted to speak to the officers about the event;

    b. Sawant never attempted to speak to the officers' counsel about the event;

    c. Sawant never attempted to speak to any of the eyewitnesses about the event;

    d. Sawant has no formal police training or expertise;

    e. Sawant has no background in law enforcement;

    f. Sawant did not wait for an internal investigation to be completed; and

    g. Sawant did not wait for a neutral and contested inquest to occur.

40. What is more, at the time, it was known that Che Taylor had a violent criminal history, was armed, was reaching for his gun, and a video of the encounter had been released to the public.

41. This was ignored or disregarded by Sawant.

THIRD AMENDED COMPLAINT AND JURY DEMAND – 5
(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

42. The statements were not in any way qualified or couched as opinion.

43. Sawant did not acknowledge that the investigation was ongoing.

44. She, instead, tried and convicted the officers herself in the court of public opinion.

45. Sawant's inflammatory statement achieved the desired effect and received substantial media coverage. A video of her remarks, as well as the quote itself, were widely circulated in the media. While Sawant did not identify Officers Miller and Spaulding by name, those familiar with the details of the Che Taylor shooting, including the officers' family, friends, and colleagues who heard or read Sawant's statement in the news understood it was directed at Officers Miller and Spaulding because they are the only "police" that were involved in the shooting and, thus, the only "police" to whom the statements could apply.

46. Members of the general public who read or heard Sawant's statement in the media also understood that it was directed at Officers Miller and Spaulding because the same day Sawant made the statement, the Seattle Times published an article that provided their names and identified them as "the police" that shot Che Taylor.

47. Sawant reiterated the above-statements publicly again on June 20, 2017 beginning at around 6:40 p.m. when she stated to a crowd of public gathered on the streets of Seattle claiming there can be no justice for anyone of color as there was no justice for Che Taylor. In fact, at that time, she proclaimed again that Che Taylor "was murdered by the police" after emphasizing that because he was "black" there would be no justice clearly implicated again her prior statements that his death was racially motivated. Sawant stated, in relevant part, as follows:

> I join the NAACP in demanding such a transparent public hearing. ***When Che Taylor was murdered by the police***, the community and I demanded such a hearing from the Mayor and from Council member Gonzalez whose committee oversees the SPD, but neither the Mayor nor Council member Gonzalez responded. In . . . in light of the horrific killing of Charleena now I again urge…I publicly urge the City Council to hold such a hearing. I have also earlier today sent a number of important questions to the SPD.
>
> . . . We demand that the City of Seattle appoint an independent committee to review this case . . . with . . . with full public accountability. ***We cannot rely on***

THIRD AMENDED COMPLAINT AND JURY DEMAND – 6

(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

> *the existing process to determine why Charleena was killed because that process has failed Che Taylor. . . that process has failed every person who was killed at the hands of the Police*. Sisters and brothers, I will add one more thing for our movement that is standing with Charleena to think about, a deeply unequal society such as ours also implies that *the lives of poor and low-income people, black and brown people, homeless people, those who have mental health issues and challenges . . . the system treats our lives as expendable*.

48. This statement also received substantial media coverage. Again, the officers family, friends, and colleagues who heard or read this statement in the news understood that it was directed at Officers Miller and Spaulding because they are the only "police" that were involved in the shooting. Members of the general public who read this statement in any one of the numerous news articles that quoted it or saw the video recording of the statement that circulated online also understood that it was directed at Officers Miller and Spaulding because their identities and involvement in the Che Taylor shooting had been published and widely circulated in the media for more than a year.

49. The officers believe that through civil discovery—which Sawant frenetically stonewalled and sought secrecy orders in relation to, in Superior Court—will uncover a pattern of culpable conduct and further defamatory statements that she made with regards to them and the incident involving Che Taylor's death.

50. As to the inquest, it took place approximately a year after the shooting.

51. It was convened by the King County prosecutor, overseen by a respected judge, and contested by Che Taylor's family lawyer.

52. An impartial jury cleared the officers of wrongdoing.

53. In addition, the City's Force Investigation Team (FIT) performed an investigation, in which the Office of Professional Accountability (OPA), participated and were present throughout.

54. Findings were issued clearing the officers.

THIRD AMENDED COMPLAINT AND JURY DEMAND – 7
(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

55. FIT's findings were then reviewed by City's Firearms Review Board (FRB). OPA, as a standing part of the FRB, participated.

56. The officers were cleared again.

57. The SPD also confirmed that the officers' conduct was within policy.

Request for Retraction

58. The officers requested that Sawant retract her statements.

59. Sawant did not even bother to respond to or acknowledge their request.

Impact On the Officers

60. With the political firestorm created when Sawant—purportedly speaking with factual authority—publicly called the officers racist murderers, the officers' lives were turned upside down.

61. The fairness of the inquest hearing was implicated by the defamation.

62. Being called a racist and murderer directly impacted their careers, which were stymied.

63. The officers were publicly berated and chastised.

64. The officers watched their families suffer. Detective Miller, whose children attended the Seattle School District, had to move.

65. To this day, a Google search of the officers bespeaks the impact on their reputation and good names.

66. The damage has been far-reaching, extending throughout King County and well-beyond.

**JURY DEMAND**

The officers demand a jury on all issues so triable.

THIRD AMENDED COMPLAINT AND JURY DEMAND – 8
(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

## CAUSES OF ACTION

<u>Defamation and Defamation Per Se</u>

67. Plaintiffs incorporate all of the above-allegations as if stated herein in full.

68. Defendant Sawant defamed Plaintiffs by stating and publishing harmful and damaging statements.

69. Those who heard or read Sawant's statements understood that the statements were of and concerning Officers Miller and Spaulding.

70. Defendant Sawant was acting in her capacity as an employee of the City of Seattle.

71. The statements are false and unprivileged.

72. Because the statements assert criminal conduct and embrace plaintiffs' job and business, this constitutes defamation per se.

73. The statements have not been retracted.

74. The conduct proximately caused harm.

75. Plaintiffs suffered damage in an amount to be proven at trial.

<u>Federal Defamation</u>

76. Plaintiffs incorporate all of the above-allegations as if stated herein in full.

77. Defendant Sawant defamed Plaintiffs by stating and publishing harmful and damaging statements.

78. Those who heard or read Sawant's statements understood that the statements were of and concerning Officers Miller and Spaulding.

79. The statements are false and unprivileged.

80. Because the statements assert criminal conduct and embrace plaintiffs' job and business, this constitutes defamation per se.

81. The statements have not been retracted.

THIRD AMENDED COMPLAINT AND JURY DEMAND – 9
(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

82. The defamation proximately caused harm which implicated federal rights; including without limit, the officers' right to an impartial jury at their inquest and public employment.

83. Plaintiffs suffered damage in an amount to be proven at trial.

84. The conduct was both the product of City policy, and subsequently ratified by the City.

85. Furthermore, on information and belief, the City has no policies bounding the discretion of its high-level decision-makers to defame their subordinates, nor mechanisms for reviewing the conduct.

86. Accordingly, Defendant Sawant's statements—by virtue of her own words—constitute conduct by a final policy-making authority.

<u>Outrage</u>

87. By virtue of the facts set forth above, Sawant is liable for the common law tort of outrage under Washington law.

THIRD AMENDED COMPLAINT AND JURY DEMAND – 10
(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

**RELIEF REQUESTED**

Plaintiffs pray the following relief:

A.   Damages in an amount to be proven at trial;

B.   Punitive damages;

C.   Attorneys' fees and costs as permitted by 42 U.S.C. § 1988 and equity;

D.   All other relief the Court deems just and proper.

DATED this 31st day of July, 2020.

_____
Daniel A. Brown, WSBA #22028
Attorneys for Plaintiffs Miller and Spaulding
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
dbrown@williamskastner.com
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email: dbrown@williamskastner.com

THIRD AMENDED COMPLAINT AND JURY DEMAND – 11

(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

s/ Daniel A. Brown
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: dbrown@williamskastner.com
Attorneys for Plaintiffs Miller and Spaulding

THIRD AMENDED COMPLAINT AND JURY DEMAND – 12

(2:18-cv-00506-MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7139050.2