Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, an individual, MICHAEL SPAULDING, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KSHAMA SAWANT, an individual, CITY OF SEATTLE, a municipal corporation,<br><br>Defendants. | Case No. 2:18-cv-00506-MJP<br><br>**DEFENDANT SAWANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR**<br><br>**SEPTEMBER 4, 2020** |

Defendant Kshama Sawant, pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court for an order dismissing Plaintiffs' Third Amended Complaint.

**INTRODUCTION AND RELIEF SOUGHT**

On March 1, 2019, this Court granted defendant Sawant's motion to dismiss the Plaintiffs' defamation claims against her. Dkt. #36 at p. 9:10-11. The decision was appealed to the Ninth Circuit, which affirmed the Court's dismissal of the claims against defendant Sawant:

> Reviewing de novo, *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003), we agree with the district court that the complaint does not plausibly plead that Sawant's statements regarding the Che Taylor shooting were "of and concerning" Plaintiffs individually, or under a small group theory. Under Washington law, a plaintiff can show that a defamatory remark that refers to a group of individuals is 'of and concerning' him by showing either that '(a) the group or class is so small that the matter can reasonably be understood to refer to the member, or (b) the circumstances of publication reasonably give rise to the conclusion that there is particular reference

MOTION TO DISMISS - 1
Case No. 2:18-cv-00506-MJP

PEM002-1410 6313934

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
**BARNARD IGLITZIN & LAVITT LLP**

to the member.' *Sims v. Kiro, Inc.*, 580 P.2d 642, 646 (Wash. Ct. App. 1978) (quoting Restatement (Second) of Torts § 564A (1977)). Here, the operative complaint does not plead any facts to show that Sawant's remarks can reasonably be understood to refer to Plaintiffs. We therefore affirm the district court's dismissal of the second amended complaint.

Ninth Circuit Memorandum Opinion, *Miller v. Sawant*, No. 19-35228, 3-4 (9th Cir., Apr. 27, 2020)(hereinafter Dkt. # 46). However, the Court of Appeals also reversed and remanded the Court's denial of leave to amend the Second Amended Complaint. *Id.* at p. 4. Plaintiffs filed a Third Amended Complaint on July 31, 2020. Dkt. #52 at p. 1. The Third Amended Complaint does not cure the deficits that this Court identified in the Plaintiffs' Second Amended Complaint. Consequently, this Court should dismiss the Plaintiffs' action.

After yet another attempt to bring a cognizable complaint, it is painfully clear that the Plaintiffs cannot bring a viable claim for defamation because they have still not made allegations sufficient to meet the "of and concerning" requirement imposed by the First Amendment under the rule of *New York Times v. Sullivan*. Plaintiffs concede that defendant Sawant never named them in the contested statements she made, and their Third Amended Complaint makes it clear that she never identified them as individuals in any other fashion. Plaintiffs allege only that she made statements about the conduct of "the police." As the Court ruled earlier, defendant Sawant's contested statements did not identify Plaintiffs with the requisite "convincing clarity."

Moreover, the Plaintiffs' newly-included assertion that the Plaintiffs' "friends, families, and colleagues" and "members of the general public" were able to infer the Plaintiffs' identities from defendant Sawant's statements still fails to establish that her statements were "of and concerning" Plaintiffs, because the Plaintiffs' identities were not certain and apparent from the words of defendant Sawant's contested statements themselves. Accordingly, Plaintiffs' claims against defendant Sawant must once again be dismissed for failure to meet this requirement.

## STATEMENT OF FACTS

On July 31, 2020, the Plaintiffs filed a Third Amended Complaint against defendant Sawant. Dkt. #52 at p. 1. The Third Amended Complaint does not include certain paragraphs

MOTION TO DISMISS - 2
Case No. 2:18-cv-00506-MJP

PEM002-1410 6313934

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

that were relevant to certain claims that Plaintiffs asserted against the City of Seattle and its City Council but were later dropped. *See* Dkt. #23, ¶¶ 1, 3, 7-12, 16, 73-80, 99-102; Dkt. #52.

The Third Amended Complaint also includes additional facts that did not appear in the Second Amended Complaint. *See* Dkt. #52 at ¶¶ 37, 45-48. The Plaintiffs edited the content of paragraphs that appeared in their Second Amended Complaint to include statements made by defendant Sawant. Dkt. #52 at ¶¶ 37, 47; *compare with* Dkt. #23 at ¶¶ 46, 54. The added excerpts of defendant Sawant's statements had previously been introduced into the record via a declaration of Plaintiffs' counsel, and were subsequently discussed in this Court's Order Granting Motion to Dismiss. Dkt. #36 at p. 4:1-3; Dkt. # 27 at ¶¶ 4-5.

In the first newly-included excerpt of defendant Sawant's statements, she speaks against "dramatic racial injustice, in [Seattle] and everywhere in this nation," commits to "holding the Seattle Police Department accountable for their reprehensible actions" and states a need to "turn the tide on … systematic police brutality and racial profiling." Dkt. #52 at ¶ 37. In the second newly-included excerpt of defendant Sawant's statements, she states that the process for determining why people are killed by police "has failed every person who was killed at the hands of the police," and is part of a "deeply unequal society" and "system" that "treats our lives as expendable." *Id.* at ¶ 47.

Plaintiffs' Third Amended Complaint also includes three paragraphs that did not appear in the Second Amended Complaint. Dkt. #52 at ¶¶ 45-46, 48. These paragraphs include claims about the alleged effects of the media's coverage of defendant Sawant's statements. *Id.* In the first new paragraph, the Plaintiffs concede that defendant Sawant did not identify them by name in her previously-mentioned statement, but argue that Plaintiffs' "family, friends, and colleagues" who heard or read defendant Sawant's statement made shortly after the death of Che Taylor "understood" that the statement was directed against Plaintiffs. *Id.* at ¶ 45. In the next new paragraph, the Plaintiffs allege that "members of the general public who read or heard Sawant's statement in the media" would "understand" that her comments were directed at them because the *Seattle Times* coincidentally published an article identifying the Plaintiffs on the

MOTION TO DISMISS - 3
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

PEM002-1410 6313934

same day that defendant Sawant made her statement. *Id.* at ¶ 46. In the final new paragraph, the Plaintiffs allege that both "family, friends, and colleagues" and "the general public" "understood" that defendant Sawant directed certain other statements against Plaintiffs because their identities had been published and circulated in the media for more than a year. *Id.* at ¶ 48.

## ARGUMENT

### I. EVEN WITH NEW FACTUAL ALLEGATIONS, PLAINTIFFS' THIRD AMENDED COMPLAINT FAILS TO PLEAD THAT DEFENDANT SAWANT'S STATEMENTS WERE "OF AND CONCERNING" THEM.

As this Court has ruled and the Court of Appeals has affirmed, in defamation cases, the alleged defamatory statement must be made "of and concerning" the plaintiff. Dkt. # 36 at pp. 7-9; Dkt. # 46 at p. 3-4; *New York Times v. Sullivan*, 376 U.S. 254, 288 (1964); *Sims v. Kiro, Inc.*, 20 Wn. App. 229, 233 (1978). The "of and concerning" requirement should "ordinarily be resolved at the pleading stage." Dkt. #36 at p. 7:8-9 (quoting *Gilman v. Spitzer*, 902 F. Supp. 2d 389, 394 (S.D.N.Y. 2012)). The "defamatory character of the language used must be certain and apparent from the words themselves, and so must the identification of the plaintiff as the person defamed." *Sims*, 20 Wn. App. at 234 (citations omitted). This Court ruled, and the Court of Appeals affirmed, that Plaintiffs' Second Amended Complaint failed to satisfy the "of and concerning" requirement because it did not "clearly establish [Plaintiffs] as [the contested statement's] target." Dkt. #36 at p. 8:16-20; *see* Dkt. #46 at pp. 3-4.

Even with added factual allegations, Plaintiffs' Third Amended Complaint fails to demonstrate that defendant Sawant's statements were "of and concerning" Plaintiffs.

### A. The Newly-Included Excerpts of Defendant Sawant's Statements Do Not Cure the Pleading Defects That Led to the Dismissal of Plaintiffs' Second Amended Complaint.

While the Third Amended Complaint includes excerpts of defendants Sawant's disputed statements that Plaintiffs omitted in their Second Amended Complaint, it still fails to show that defendant Sawant identified the Plaintiffs specifically in her contested statements. *See* Dkt. #52 at ¶¶ 37, 47. As this Court has already ruled, based on authority subsequently relied upon by the

MOTION TO DISMISS - 4
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

PEM002-1410 6313934

Court of Appeals, for a defamation claim to proceed Plaintiffs "must show with convincing clarity that [they were] the target of the statement[s]." *Sims*, 20 Wn. App. at 237 (emphasis added); Dkt. #36 at p. 8:16-20; Dkt # 46 at p. 4. Even with the added excerpts from defendant Sawant's statements, Plaintiffs fail to demonstrate with the requisite convincing clarity that they were the target of defendant Sawant's statements. *See Sims* 20 Wn. App. at 237; Dkt. #52 at ¶¶ 37, 47. Instead, Plaintiffs attempt to "transmut[e] criticism of government, however impersonal it may seem on its face, into personal criticism, and hence potential libel of the officials of whom the government is composed." *Sullivan*, 376 U.S. at 292.

As this Court has ruled, "[w]hile Plaintiffs contend that Councilmember Sawant 'continually brings it back to *these specific officers* and *this specific incident*" (Dkt. No. 27 at 7-8) (emphasis in original), her references to 'holding the Seattle Police Department accountable for their reprehensible actions, individual actions' and seeking 'justice on the individual actions' do not clearly establish [Plaintiffs] as their target." Dkt. #36 at 8:16-20. On the contrary, the added excerpts of defendant Sawant's statements show with even more clarity that her statements were an expansive critique of the Seattle Police Department and policing practices nationwide, as opposed to personal criticism of particular officers. *See* Dkt #52 at ¶¶37. 47. In the first newly-added excerpt, defendant Sawant discusses "dramatic racial injustice, in [Seattle] and everywhere in this nation," commits to "holding the Seattle Police Department accountable for their reprehensible actions" and states a need to "turn the tide on … systematic police brutality and racial profiling." Dkt #52 at ¶37. Similarly, in the second excerpt Plaintiffs' included in their Third Amended Complaint, rather than naming or even describing the Plaintiffs with any specificity defendant Sawant discussed the "process that has failed every person who was killed at the hands of the police," and contextualizes that process in a "deeply unequal society" and "the system that treats our lives as expendable." *See id.* at ¶47. Together, it is clear that the subject of defendant Sawant's statement was structural and systemic rather than specific to Plaintiffs. *See id.* at ¶¶ 37, 47.

MOTION TO DISMISS - 5
Case No. 2:18-cv-00506-MJP

PEM002-1410 6313934

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD IGLITZIN & LAVITT LLP

Because Plaintiffs' Third Amended Complaint fails to plead that Plaintiffs were the subject of defendant Sawant's statements with the requisite convincing clarity and instead demonstrate the true structural nature of her statements, Plaintiffs fail to satisfy the "of and concerning" requirement for defamation pleadings. *Sims*, 20 Wn. App. at 237; *see* Dkt. #52 at ¶¶ 37, 47.

### B. Newly-Alleged Claims That Third Parties Understood Defendant Sawant's Statements As Referencing Plaintiffs Do Not Cure the Plaintiffs' Pleading Deficiencies.

In their Third Amended Complaint, Plaintiffs newly allege that defendant Sawant's statements received "substantial media coverage," and that as a result "those familiar with . . . the Che Taylor shooting . . . including family, friends, and colleagues who heard or read Sawant's statement in the news understood [they were] directed at [Plaintiffs]. . .." Dkt. #52 at ¶¶ 45, 48. In particular, Plaintiffs allege that the general public would have known that defendant Sawant was describing the Plaintiffs because Plaintiffs were identified in a Seattle Times article published on the same day that she made her first contested statement. *Id.* at ¶ 46. Furthermore, regarding subsequent alleged comments by defendant Sawant, Plaintiffs allege that "members of the general public who read or heard Sawant's" statements in the media "understood" they were directed at Plaintiffs because of items in the media that were published either up to over a year before or on the same day as defendant Sawant's statements. *Id.* at ¶¶ 46, 48. Because these newly alleged facts do not cure the deficiencies of the Second Amended Complaint, the Third Amended Complaint should be dismissed. *See* Dkt. #36 at pp. 8:23-9:2 (*citing Sims*, 20 Wn. App. at 234).

As this Court previously ruled, again drawing on authority subsequently cited by the Court of Appeals, "'the identification of the person[s] defamed' must be 'certain and apparent *from the words themselves....*'" Dkt. #36 at pp. 8:23-9:2 (*citing Sims*, 20 Wn. App. at 234); Dkt. # 46 at p. 4. Also as stated by this Court, Plaintiffs "may not resort to proof of extrinsic facts, other than those essential to understand the context in which a statement was made to establish

MOTION TO DISMISS - 6
Case No. 2:18-cv-00506-MJP

PEM002-1410 6313934

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

the defamatory nature of a statement not otherwise facially defamatory." *Id*. at 9:3-5 (quoting *Vantassell-Matin v. Nelson*, 741 F. Supp. 698, 709 (N.D. Ill. 1990)).  Instead:

> . . . where a speaker is meticulous enough to preserve the anonymity of an individual about whom damaging information is given, the speaker should not be exposed to liability for defamation because someone else ferrets out the identity of the individual and couples it with the speaker's statement in a later publication. In that scenario the *speaker's* words cannot be characterized as having been "of and concerning" the plaintiffs.

*Vantassell-Matin*, 741 F. Supp. at 710 (italics in original).

In neither of defendant Sawant's contested statements are Plaintiffs' identities "certain and apparent from the words themselves." *See Sims*, 20 Wn. App. at 234.  As this Court ruled regarding defendant Sawant's first contested statement, "[t]hat the Seattle Times contemporaneously published an article identifying [Plaintiffs] by name does not change this outcome." Dkt. #36 at 8:22-23. Similarly, that the identities of the Plaintiffs had "been published and widely circulated in the media for more than a year" prior to defendant Sawant making her second contested statement does not change the outcome. *See* Dkt. #52 at ¶ 48.  Rather, because defendant Sawant was "meticulous enough to preserve the anonymity" of Plaintiffs in her second contested statement, even after allegedly damaging information had been published about them for over a year, defendant Sawant "should not be exposed to liability for defamation because someone else ferret[ed] out the identity of the individual[s] and couple[d] it with the speaker's statement in a later publication." *See Vantassell-Matin*, 741 F. Supp. at 710.

For these reasons, the additional details about media coverage and the results of that coverage do not satisfy the "of and concerning" requirement of the defamation claim. *See Sullivan*, 376 U.S. at 288; *Vantassell-Matin*, 741 F. Supp. at 710; *Sims*, 20 Wn. App. at 234.

## **CONCLUSION**

For the fourth time before this Court, and the fifth time overall, the Plaintiffs have failed to present support for their contention that defendant Sawant's statements were "of and concerning them." *See* Dkt. # 36 at pp. 7-10; Dkt. # 12 at Exs. B, C*; see also Sullivan*, 376 U.S.

MOTION TO DISMISS - 7
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD IGLITZIN & LAVITT LLP

PEM002-1410 6313934

1  at 288; *Sims*, 20 Wn. App. at 234.  As such, Plaintiffs have not "transform[ed] what are
2  otherwise vague and oblique statements into actionable defamation." Dkt. #36 at p. 9:8.  The
3  Ninth Circuit's conclusion regarding the insufficiency of the Second Amended Complaint
4  applies equally to Plaintiff's Third Amended Complaint because it "does not plead any facts to
5  show that Sawant's remarks can reasonably be understood to refer to Plaintiffs." Dkt. # 46 at p.
6  4. For the foregoing reasons, defendant Sawant respectfully requests that her motion for the
7  claims against her be dismissed be granted.

8  RESPECTFULLY SUBMITTED this 13th day of August, 2020.

s/Dmitri Iglitzin
Dmitri Iglitzin, WSBA No. 17673
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
(206) 257-6038
iglitzin@workerlaw.com

s/James E. Lobsenz
James E. Lobsenz, WSBA No. 8787
**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
(206) 622-8020
(206) 622-8983
lobsenz@carneylaw.com

MOTION TO DISMISS - 8
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

PEM002-1410 6313934

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2020, I electronically filed the foregoing ***DEFENDANT SAWANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

DATED this 13th day of August, 2020.

          *s/Deborah A. Groth*
          Legal Assistant

MOTION TO DISMISS - 9
Case No. 2:18-cv-00506-MJP

PEM002-1410 6313934

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**