UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT MILLER, MICHAEL SPAULDING,

          Plaintiffs,

v.

KSHAMA SAWANT,

          Defendant.

CASE NO. C18-506 MJP

ORDER TO SHOW CAUSE

The Court issues this Order to Show Cause <u>sua sponte</u>. After reviewing the pending Motion to Dismiss (Dkt. No. 81), the briefing (Dkt. Nos. 83, 85, 87), the Third Amended Complaint (Dkt. No. 52), and all supporting materials, the Court questions whether it has subject matter jurisdiction over this matter.

Plaintiffs allege that the Court "had original jurisdiction over claims that were brought under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 against the City of Seattle, which were previously part of this lawsuit but have since been dismissed." (<u>See</u> Third Am. Compl. ¶ 8.) Although Plaintiffs have included a "federal defamation" claim, they do not appear to assert that the Court

ORDER TO SHOW CAUSE - 1

has original jurisdiction over it. (Id.; see id. ¶¶ 76-86.) Indeed, the Court is unaware of any federal common law or statutory cause of action for defamation. Plaintiffs instead suggest that the Court has supplemental jurisdiction over the claims in the Third Amended Complaint given the once-pleaded claims against the City that have been voluntarily dismissed. (Id. ¶ 8.; see also Notice of Voluntary Dismissal (Dkt. No. 38); Ninth Cir. Mem. Disp. at 2 n.1 (Dkt. No. 46) (noting that Plaintiffs' notice of voluntary dismissal "divested the district court of jurisdiction, and the court therefore lacked authority to take any further action as to Plaintiffs' case against the City").)

The Court has four questions regarding jurisdiction: (1) Does the voluntarily-dismissed First Amendment retaliation claim against the City still confer original jurisdiction over this action such that the Court may properly exercise supplemental jurisdiction over the claims in the Third Amended Complaint?; (2) Should the Court's jurisdictional analysis focus only on the claims in the Third Amended Complaint given the Supreme Court's directive that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473–74 (2007)? (3) Is there a federal common law or statutory cause of action for defamation?; and (4) If the Court may exercise supplemental jurisdiction, why should it do so in this matter?

The Court therefore ORDERS Plaintiffs to SHOW CAUSE why the Court has subject matter jurisdiction over the claims in the Third Amended Complaint. In response to this Order Plaintiffs may file a brief of no more than 10 pages, which shall be due by May 30, 2022. The response should include answers to the Court's four questions noted above. Defendant may then

file an opposition brief of no more than 10 pages that shall be due by June 6, 2022. Plaintiffs may then file a reply of no more than 5 pages, which shall be due by June 9, 2022.

Given the need to resolve the Court's jurisdictional questions before ruling on the pending Motion to Dismiss (Dkt. No. 81), the Court RENOTES the Motion to Dismiss to June 9, 2022.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 18, 2022.

Marsha J. Pechman
United States Senior District Judge