UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT MILLER, MICHAEL
SPAULDING,

                    Plaintiffs,

          v.

KSHAMA SAWANT,

                    Defendant.

CASE NO. C18-506 MJP

ORDER DENYING MOTION TO
DISMISS

This matter comes before the Court on Defendant's Second Motion to Dismiss the Third

Amended Complaint. (Dkt. No. 81.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No.

83), the Reply (Dkt. No. 85), the Surreply (Dkt. 87), Plaintiffs' Response and Reply to the

Court's Order to Show Cause (Dkt. Nos. 89, 91), and Defendant's Response to the Court's Order

to Show Cause (Dkt. No. 90), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiffs Scott Miller and Michael Spaulding pursue state law defamation and outrage

claims and a "federal defamation" claim against Defendant Councilmember Kshama Sawant.

(Third Amended Complaint (TAC) ¶¶ 67-87 (Dkt. No. 52).) The claims arise out of two different statements Sawant made relating to the shooting death of Che Taylor in which Plaintiffs—both police officers—were involved. (Id. ¶¶ 34-48.) The first of the two statements Sawant made was on February 26, 2016, while the second occurred on June 20, 2017. (Id.)

Sawant's Motion puts at issue the timeliness of Plaintiffs' claims. The Parties agree that Plaintiffs'state law claims are subject to a two-year statute of limitations, and they agree that Plaintiffs filed suit more than two years after Sawant made her first statement on February 26, 2016. But they disagree as to whether Plaintiffs' claims related to the first statement are time-barred or timely due to tolling. The Court therefore reviews the salient dates. On April 25, 2017, Plaintiffs served a statutorily-required demand on Sawant asking her to retract her first statement. See RCW 7.96. On August 18, 2017, Plaintiffs filed suit against Sawant in King County Superior Court. Plaintiffs voluntarily dismissed their claims on January 24, 2018, deciding to add new claims against the City of Seattle and file suit in federal court. Before filing the new federal complaint on April 5, 2018, Plaintiffs filed a pre-suit demand on the City of Seattle on February 2, 2018 as required by RCW 4.96.020.

The Court has also asked the Parties to brief whether the Court has subject matter jurisdiction over the claims in the TAC. The Court raised this issue after considering Plaintiffs' jurisdictional allegations in the TAC:

> This Court had original jurisdiction over claims that were brought under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 against the City of Seattle, which were previously part of this lawsuit but have since been dismissed. Under 28 U.S.C. § 1367, this Court retains supplemental jurisdiction over the state law claims arising out of the same nucleus of operative facts as the dismissed federal claims.

(TAC ¶ 8.)

1

**ANALYSIS**

2

**A.    Jurisdiction**

3       The Court has raised the question of subject matter jurisdiction <u>sua sponte</u>. That is

4  because "federal courts have an independent obligation to ensure that they do not exceed the

5  scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that

6  the parties either overlook or elect not to press." <u>Henderson ex rel. Henderson v. Shinseki</u>, 562

7  U.S. 428, 434 (2011); <u>see also</u> <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 501 (2006) ("[S]ubject-

8  matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or

9  waived.") (citation omitted). Having considered the TAC and the Parties' briefing in response to

10 the Court's Order to Show Cause, the Court finds that it has subject matter jurisdiction over the

11 federal and state law claims.

12      First, the Court has original jurisdiction over Plaintiffs' "federal defamation" claims.

13 Sawant concedes that a federal defamation claim can be brought pursuant to 42 U.S.C. § 1983

14 and she has not properly challenged the sufficiency of those allegations in the current or prior

15 motion to dismiss. (<u>See</u> Dk. No. 90 at 8.) The Court therefore has original jurisdiction over the

16 federal claims under 28 U.S.C. § 1331.

17      Second, the Court finds that the exercise of supplemental jurisdiction over Plaintiffs'

18 state law claims is appropriate. The Court reviews the law and its analysis.

19      When the Court has original jurisdiction, it "shall have supplemental jurisdiction over all

20 other claims that are so related to claims in the action within such original jurisdiction that they

21 form part of the same case or controversy under Article III of the United States Constitution." 28

22 U.S.C. § 1367(a). But a district court may "decline to exercise supplemental jurisdiction over a

23 claim" in four enumerated circumstances:

24

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In determining whether to decline supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "[A]ctually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in [§ 1367] subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997).

Given the existence of original jurisdiction, the Court exercises supplemental jurisdiction over the state law claims even though there exist grounds to decline to do so under § 1367(c)(2). Section 1367(c)(2) applies here because the state law claims predominate over the federal defamation claims, as Plaintiffs oddly admit. Specifically, Plaintiffs announce that they "do not rely primarily on their federal defamation claim as the basis for this Court's jurisdiction." (Pl. Resp. to OSC at 6 (Dkt. No. 89); see also Reply at 5 (Dkt. No. 91).) Notwithstanding this admission, the Court finds that economy, convenience, fairness, and comity all favor the exercise of supplemental jurisdiction. There are four reasons. First, the Court and the Court of Appeals have expended significant judicial resources in this matter and it would be wasteful to dismiss the state law claims and retain only the federal ones. Second, it would be inconvenient, inefficient, and likely unfair to make Plaintiffs litigate this case piecemeal in two different

1   jurisdictions. Third, Plaintiffs also reasonably argue that they may well be unable to pursue their

2   state law claims if forced to file in state court because the claims could be time-barred. Fourth,

3   while comity might favor allowing a state court to consider the state law claims, this factor does

4   not outweigh consolidating the state law claims with the federal claims. On balance, the Court

5   finds that the exercise of supplemental jurisdiction over the state law claims remains prudent and

6   appropriate.

7        The Court separately notes that Plaintiffs are incorrect in their belief that the long-ago

8   dismissed claims against the City confer original jurisdiction sufficient to allow the Court to

9   exercise supplemental jurisdiction. See Herman Family Revocable Tr. v. Teddy Bear, 254 F.3d

10  802, 805 (9th Cir. 2001) (noting that "supplemental jurisdiction may only be invoked when the

11  district court has a hook of original jurisdiction on which to hang it"). "[W]hen a plaintiff files a

12  complaint in federal court and then voluntarily amends the complaint, courts look to the

13  amended complaint to determine jurisdiction." Rockwell Int' l Corp. v. United States, 549 U.S.

14  457, 473–74 (2007). There are no claims against the City in the TAC. So Plaintiffs' voluntary

15  decision to leave those claims out of the TAC means that they cannot serve as a basis for the

16  Court's original jurisdiction that might support exercising supplemental jurisdiction. The same

17  conclusion follows if one considers the effect of the voluntary dismissal as an independent action

18  that predates the filing of the TAC. That is because "once a notice of voluntary dismissal is filed,

19  the district court in which the action is pending loses jurisdiction. . . ." Com. Space Mgmt. Co. v.

20  Boeing Co., 193 F.3d 1074, 1076 (9th Cir. 1999); see also Wilson v. City of San Jose, 111 F.3d

21  688, 692 (9th Cir. 1997) (noting that "a dismissal leaves the parties as though no action had been

22  brought"). Once Plaintiffs voluntarily dismissed the claims against the City, Plaintiffs could no

23  longer invoke those claims as a basis for the Court's original jurisdiction to support supplemental

24

1  jurisdiction. While Plaintiffs' jurisdictional assertion in the TAC misses the mark, it does not

2  alter the Court's conclusion, above, that it has both original and supplemental jurisdiction over

3  the claims.

4  **B.   Motion to Dismiss Standard**

5        The Court may dismiss a complaint for "failure to state a claim upon which relief can be

6  granted." Fed. R. Civ. P. 12(b)(6). "A complaint may fail to show a right of relief either by

7  lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal

8  theory." Woods v. U.S. Bank N.A., 831 F.3d 1159, 1162 (9th Cir. 2016). In ruling on a Rule

9  12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint

10  in the light most favorable to the non-movant. Wyler Summit P'Ship v. Turner Broad. Sys., Inc.,

11  135 F.3d 658, 661 (9th Cir. 1998). The complaint "must contain sufficient factual matter,

12  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

13  U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

14        Despite this otherwise liberal pleading standard, the Ninth Circuit has held that courts

15  should consider First Amendment concerns even at the pleading stage. "[W]here a plaintiff seeks

16  damages . . . for conduct which is prima facie protected by the First Amendment, the danger that

17  the mere pendency of the action will chill the exercise of First Amendment rights requires more

18  specific allegations than would otherwise be required." Flowers v. Carville, 310 F.3d 1118, 1130

19  (9th Cir. 2002) (quoting Franchise Realty Interstate Corp. v. S.F. Local Joint Exec. Bd. of

20  Culinary Workers, 542 F.2d 1076, 1082-83 (9th Cir. 1976)). "Defamation claims, in particular,

21  must be advanced with sufficient specificity," Harris v. City of Seattle, 315 F. Supp. 2d 1112,

22  1123 (W.D. Wash. 2004), including "the precise statements alleged to be false and defamatory,

23  who made them and when," Flowers, 310 F.3d at 1130.

24

1

**C.      Serial Motion to Dismiss**

2

Plaintiffs are correct that the Sawant's Motion violates Rule 12(g)(2)'s prohibition

3 against successive Rule 12(b)(6) motions. But as Sawant points out, the Ninth Circuit encourages

4 a pragmatic and flexible application of this rule to serial Rule 12(b)(6) motions. The Court agrees

5 with Sawant that it makes sense to consider the Motion even though it is successive.

6

"Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule

7 must not make another motion under this rule raising a defense or objection that was available to

8 the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "Rule 12(g)(2) provides

9 that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12

10 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6), but the

11 defense may be asserted in other ways." In re Apple iPhone Antitrust Litig., 846 F.3d 313, 317–

12 18 (9th Cir. 2017), aff'd sub nom. Apple Inc. v. Pepper, 139 S. Ct. 1514, 203 L. Ed. 2d 802

13 (2019) (citing Fed. R. Civ. P. 12(h)(2)). "If a failure-to-state-a-claim defense under Rule 12(b)(6)

14 was not asserted in the first motion to dismiss under Rule 12, Rule 12(h)(2) tells us that it can be

15 raised, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at

16 trial." Id. But "[d]enying late-filed Rule 12(b)(6) motions and relegating defendants to the three

17 procedural avenues specified in Rule 12(h)(2) can produce unnecessary and costly delays,

18 contrary to the direction of Rule 1." Id. As such, the Ninth Circuit has endorsed a pragmatic

19 approach that allows the district court to consider late-filed motions to dismiss. Id. But the Ninth

20 Circuit has also recognized that "Rule 12(g) is designed to avoid repetitive motion practice,

21 delay, and ambush tactics." Id. (citation and quotation omitted).

22

Following the pragmatic approach presented by the Ninth Circuit, the Court finds that it

23 is more efficient and fairer to rule on the pending Motion rather than have Sawant raise the

24

1  issues through a later Rule 12(c) motion. The Court reaches this conclusion with full awareness

2  that Sawant fails to articulate a persuasive reason as to why she did not raise the issues presented

3  in the Motion earlier. There was no impediment to doing so, and the reasons she advances are

4  not compelling. Notwithstanding this fact, the Court does not believe that Sawant has engaged in

5  delay or that she is seeking to ambush Plaintiffs. Given the absence of any bad faith or improper

6  motive, and in the interest of efficiency, the Court considers the Motion.

7  **D.  Timeliness**

8      The Court disagrees with Sawant that Plaintiffs' claims as to the first statement are time-

9  barred.

10     Plaintiffs' state law defamation claims are subject to a two-year statute of limitations.

11  RCW 4.16.100. But Plaintiffs' "federal defamation" claims are subject to Washington's three-

12  year statute of limitations for personal injury actions. See Butler v. Nat'l Cmty. Renaissance of

13  California, 766 F.3d 1191, 1198 (9th Cir. 2014); Joshua v. Newell, 871 F.2d 884, 886 (9th Cir.

14  1989); RCW 4.16.080(2). Given that Sawant does not argue that the federal claims are untimely,

15  the Court focuses instead on the state law claims.

16     Applying the two-year statute of limitations to this case, the Court finds that Plaintiffs'

17  claims as to the first statement are timely by virtue of tolling. Without any tolling, Plaintiffs

18  should have filed their complaint attacking Sawant's first statement by February 26, 2018, two

19  years from its utterance. Plaintiffs waited until April 5, 2018 to file suit. But there are two bases

20  to toll the claims to render them timely. First, as the Parties agree, the statute of limitations was

21  tolled for 30 days after Plaintiffs requested Sawant to retract her statement under RCW 7.96.

22  Second, Plaintiffs' claims were tolled another 60 days once Plaintiffs filed their claim notice

23

24

1   with the City, per RCW 4.96.020. Together, the claims were tolled for 90 days, which makes

2   them timely filed by April 5, 2018.

3           The Court is unconvinced by Sawant's argument that the notice Plaintiffs served on the

4   City did not satisfy the requirements of RCW 4.96.020 and cannot be invoked to toll the claims.

5           "The purpose of this 60–day waiting period is to allow government defendants time to

6   investigate claims and pursue settlement before they are sued." Est. of Connelly v. Snohomish

7   Cty. Pub. Util. Dist. No. 1, 145 Wn. App. 941, 944–45, 187 P.3d 842 (2008). To accomplish this,

8   the notice must include:

9           (i) The claimant's name, date of birth, and contact information;

10          (ii) A description of the conduct and the circumstances that brought about the injury or
            damage;

11

12          (iii) A description of the injury or damage;

            (iv) A statement of the time and place that the injury or damage occurred;

13
            (v) A listing of the names of all persons involved and contact information, if known;
14
            (vi) A statement of the amount of damages claimed; and
15
            (vii) A statement of the actual residence of the claimant at the time of presenting the
16          claim and at the time the claim arose.

17  RCW 4.96.020(3)(a). But these requirements "must be liberally construed so that substantial

18  compliance will be deemed satisfactory." RCW 4.96.020(5).

19          Plaintiffs' notice was sufficiently detailed to have put the City on notice of Plaintiffs'

20  claims. Plaintiffs' notice form does not expressly include the Plaintiffs' birthdates, a description

    of the accident/loss, or where and when it happened. But the notice refers to the filings in the
21
    state court action Plaintiffs had commenced, and it provided counsel as the contact should the
22
    City have sought any additional information about the Plaintiffs, including their birthdates. The
23
    notice provided the City sufficient information to investigate the claim, and it does not appear the
24

City ever raised any issue with the form before it was dismissed from this action. Given that only "substantial compliance" is required, the Court finds that the notice here satisfied the requirements of RCW 4.96.020, and that the claims were tolled for 60 days from the service of the notice.

The Court DENIES the Motion as to the issue of timeliness. And the Court DENIES as MOOT Plaintiffs' Surreply/Request to Strike, given that the Court finds Sawant's argument fails on the merits.

**E.      Actual Malice**

The Court also rejects Sawant's argument that Plaintiffs have not sufficiently pleaded a defamation claim arising out of the second statement made in 2017.

"Under Washington law, '[t]he elements a plaintiff must establish in a defamation case are falsity, an unprivileged communication, fault, and damages.'" Miller v. Sawant, No. 21-35004, Slip Op. at 12 (quoting Mohr v. Grant, 108 P.3d 768, 773 (Wash. 2005) (en banc)). Given Plaintiffs' concession that they are public figures, Plaintiffs must demonstrate that Sawant's statements were "'made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." Garrison v. State of La., 379 U.S. 64, 67 (1964) (quoting New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964); (Pls. Opp. at 12-14); see also Miller v. Sawant, Slip Op. at 12 n.8 (setting forth the actual malice standard and noting the unresolved question of whether Plaintiffs were public figures). But as the Ninth Circuit has made clear, Plaintiffs need only satisfy Rule 8 to show actual malice: "A plaintiff asserting a state-law defamation claim in federal court need only satisfy Rule 8; a state's heightened pleading requirement does not apply." Miller v. Sawant, Slip Op. at 14.

1    The Court finds the TAC contains sufficient allegations of actual malice—a reckless

2    disregard for the truth—to survive dismissal. Specifically, Plaintiffs allege that Sawant made her

3    remarks after an inquest had cleared Plaintiffs of wrongdoing. Given the passage of time from

4    the shooting death and the nature of the inquest, the allegations are sufficient to show that

5    Sawant acted with reckless disregard for the truth. The Court also agrees with Plaintiffs that the

6    TAC need not contain the words "actual malice" or "reckless disregard for the truth" to satisfy

7    Rule 8. Liberally construing the allegations in the TAC in Plaintiffs' favor, the Court is satisfied

8    that the TAC satisfies the actual malice standard.

9    The Court therefore DENIES the Motion as to this claim.

10   **F.     Sanctions**

11   Plaintiffs ask the Court to grant them attorneys' fees on the theory that Sawant's Motion

12   is frivolous. (Dkt. No. 83 at 14.) The Court disagrees. Although Sawant has not convinced the

13   Court that it should again dismiss the TAC, the arguments are based on sound legal theories and

14   their application to the factual allegations in this case. The Court DENIES Plaintiffs' request.

15                                        **CONCLUSION**

16   The Court finds that it has both original and supplemental jurisdiction over the claims in

17   the TAC and that it has subject matter jurisdiction over this action.

18   Although Sawant's Motion is an improper serial motion to dismiss, the Court has

19   considered its merits in order to move this case forward efficiently and pragmatically. And the

20   Court finds no merit in either of the bases for dismissal Sawant urges. The Court therefore

21   DENIES the Motion to Dismiss. And the Court DENIES Plaintiffs' request for attorneys' fees.

22   \\

23   \\

24

The clerk is ordered to provide copies of this order to all counsel.

Dated July 13, 2022.

Marsha J. Pechman
United States Senior District Judge