UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, MICHAEL SPAULDING, <br><br> Plaintiffs, <br><br> v. <br><br> KSHAMA SAWANT, <br><br> Defendant. | CASE NO. C18-506 MJP <br><br> ORDER DENYING MOTION TO CONTINUE |

This matter comes before the Court on Plaintiffs' Motion to Continue Trial and Related Pretrial Deadlines. (Dkt. No. 98.) Having reviewed the Motion, Defendant's Opposition (Dkt. No. 101), the Reply (Dkt. No. 103), and all supporting materials, the Court DENIES the Motion.

## BACKGROUND

Plaintiffs filed the Motion to Continue on November 3, 2022, asking the Court to continue the trial date and pretrial deadlines by approximately five motions. (Dkt. No. 98.) Plaintiffs cite their need to conduct further discovery as the grounds for relief. They note that although they recently propounded written discovery, no documents have been exchanged and

ORDER DENYING MOTION TO CONTINUE - 1

no depositions have been taken despite the upcoming discovery deadline of December 11, 2022. (Id. at 3-4.) Defendant opposes the request, noting that Plaintiffs failed to issue any discovery requests until October 27, 2022. (Opp. at 4.)

The Court reviews the procedural posture of this case to orient the issues presented in the Motion.

The Ninth Circuit issued an opinion reversing and remanding this action on November 10, 2021. (Dkt. No. 72.) The mandate then issued on February 23, 2022. (Dkt. No. 75.) Two days later, the Court issued a minute order asking the parties to meet and confer and file a Joint Status Report providing the Court with proposed case deadlines and a trial date. (Dkt. No. 76.) The parties eventually submitted a Joint Status Report on March 15, 2022, and the Court set the case schedule and trial date the following day. (Dkt. Nos. 79, 80.) In relevant part, the Court ordered the parties to complete discovery by December 11, 2022 and to be ready for trial on May 15, 2023. (Dkt. No. 80.)

Defendant filed a motion to dismiss the third amended complaint the same day the Court issued its scheduling order. (Dkt. No. 81.) After inviting supplemental briefing on subject matter jurisdiction, the Court denied the motion to dismiss on July 13, 2022. (Dkt. No. 92.) Defendant then filed her answer on July 27, 2022. (Dkt. No. 93.) On August 25, 2022, Defendant filed a motion for judgment on the pleadings, seeking dismissal of Plaintiffs' federal defamation claim, which left untouched Plaintiffs' state law claims. (Dkt. No. 95.) The Court granted the motion on November 21, 2022, giving Plaintiffs 14 days to amend the complaint if they wished to pursue the claim. (Dkt. No. 105.)

## ANALYSIS

Rule 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification and "if that party was not diligent, the inquiry should end." Id. (citation omitted).

Plaintiffs have fallen far short of demonstrating diligence in seeking to extend the case deadlines or trial date. The Court's Scheduling Order specified that the Parties could engage in discovery up until the deadline of December 11, 2022. (Dkt. No. 80 at 1.) The Order further noted that "failure to complete discovery within the time allowed is not recognized as good cause." (Id. at 2.) The record before the Court shows that Plaintiffs did not lift a finger to engage in discovery until they served their first discovery requests on October 27, 2022. Plaintiffs identify no other discovery that they have sought or that their requests were rebuffed by Defendant. The record clearly showcases a lack of diligence by Plaintiffs to engage in any discovery from March 16, 2022 to October 27, 2022. This precludes the finding of good cause to alter the case schedule. See Johnson, 975 F.2d at 609.

Plaintiffs suggest that they could not in "good conscience" engage in discovery until Defendant's answer was filed in July 2022. (Reply at 1.) But Plaintiffs cite no authority for that assertion and the Court is unaware of any rule that would preclude Plaintiffs from engaging in discovery until an answer is served. Rule 26(d)(1) specifies that discovery may commence once the parties confer as required by Rule 26(f) or by court order. Here, the Court issued a scheduling order on March 16, 2022 specifying that discovery was to be completed by December 11,

2022—a clear sign that discovery was permitted. Even if Plaintiffs were correct that they needed the answer before starting discovery, they should have then started up with discovery in July. Doing so would have afforded substantial time to complete discovery. Instead, they did nothing until late October. This reasoning and lack of action undermine a finding of good cause.

Plaintiffs also misunderstand the impact that Defendant's second motion to dismiss had on discovery. (See Mot. at 5.) Plaintiffs apparently believed that their "ability to conduct discovery was unilaterally limited by four and a half months" due to the motion to dismiss being filed. (Mot. at 5.) But the motion was filed <u>after</u> the Court set the discovery deadline, which opened the door to discovery and set a time limit. (<u>Compare</u> Dkt. No. 80 <u>with</u> Dkt. No. 81.) And Plaintiffs identify no rule and the Court is aware of no rule that discovery—once ordered by the Court—cannot be conducted if there is a pending motion to dismiss. Had Plaintiffs truly been concerned about the impact of the pending motion on the running deadline for discovery, they could have asked for a stay of discovery pending resolution of the motion. The Court would have almost assuredly granted it. Even if it did not, Plaintiffs' request would have shown diligence. And even if the Court accepts Plaintiffs' argument that they could not commence discovery until the Court issued its order in July, they have provided no justification for failing to conduct discovery until late October. This record betrays any claim of diligence.

Lastly, the Court rejects Plaintiffs' suggestion that they should be excused from having engaged in discovery because the case has been up on appeal twice. The procedural history of this case helps explain why the Court did not issue a scheduling order until March 2022, after the mandate issued. But once issued, the scheduling order clearly called for discovery to commence and be completed by December 11, 2022. So whatever may have happened before the Court issued the scheduling order does not serve as grounds to excuse Plaintiffs' failure to timely

engage in discovery. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." <u>Johnson</u>, 975 F.2d at 610 (quotation and citation omitted).

## CONCLUSION

The record before the Court shows no signs of Plaintiffs' diligence in meeting the existing case schedule. Plaintiffs premise the motion on the need to conduct discovery. But they identify no barrier to having complied with the Court's March 2022 Scheduling Order requiring discovery to be completed on December 11, 2022. They fail to show any diligent efforts to engage in discovery or to timely ask that the deadline be extended. They otherwise identify no other grounds to find good cause to extend the trial date or case schedule. Given the lack of diligence, the Court finds there to be no good cause to alter the trial date and case schedule. The Court DENIES the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 22, 2022.

Marsha J. Pechman
United States Senior District Judge