The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, an individual, MICHAEL SPAULDING, an individual,<br><br>           Plaintiffs,<br>v.<br><br>KSHAMA SAWANT, an individual. CITY OF SEATTLE, a municipal corporation,<br><br>           Defendants. | NO. 2:18-cv-00506-MJP<br><br>MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS<br><br>**Noted for Consideration:**<br>December 30, 2022 |

## I.  INTRODUCTION

Following the Court's ruling denying Plaintiffs' Motion to Continue, Plaintiffs promptly noted Defendant Sawant's deposition, to occur in-person, on December 9, 2022 at Plaintiff's counsel's offices in downtown Seattle.  Thereafter, Defendant's counsel indicated Ms. Sawant was not available that day and suggested a day earlier in the week and only by Zoom (which Plaintiffs do not agree to), which did not work for Plaintiffs' counsel's schedule. Plaintiffs' counsel immediately suggested any mutually agreeable date for counsel and Ms. Sawant to occur (obviously at this point it would be shortly after the discovery cut-off) as long as Defense counsel would execute an appropriate stipulation which would narrowly extend the cutoff to allow for Ms. Sawant's deposition.

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 1
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

Despite Plaintiffs' counsel's attempt to work cooperatively on scheduling, Defendant declined to agree to any date after the discovery cutoff and Ms. Sawant refused to appear for her properly noted deposition, which was set to occur on December 9th.

To oppose Plaintiffs' only request for a continuance and additional time for discovery, obtain the order and then frustrate Plaintiffs' ability to actually depose *the* defendant, is the type of gamesmanship this Court should not condone – particularly when Plaintiffs attempted to accommodate Ms. Sawant's and opposing counsel's schedules and particularly when Defendant has employed every procedural rule and process to stall and delay the ultimate resolution in this matter.

Plaintiffs request that the Court—at a minimum—compel Defendant to attend a deposition in-person at Plaintiffs' counsel's offices at a time and date of Plaintiffs' choosing, (upon 10 calendar days' notice in advance) and award fees and costs for drafting and filing this motion, as well as appropriate sanctions to deter such improper litigation tactics in the future. However, given the blatant willfulness and intentional conduct of Defendant to deny Plaintiffs their unquestionable right to depose Ms. Sawant, more severe sanctions are warranted under the particular facts of this case which include any of the following: finding Defendant in default, striking affirmative defenses in her answer, or precluding her testimony at trial.

## II.  FACTS

Plaintiffs provide only the pertinent facts relevant to this motion for the Court.

**A.  Plaintiffs Properly and Timely Note Defendant Sawant's Deposition and She Does Not Appear for Her Deposition, and Instead Tries to Dictate the Date and Manner of Her Deposition**

On November 22, 2022, Plaintiffs noted Defendant Sawant's deposition, to occur in-

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 2
CASE NO. 2:18-cv-00506-MJP

7686764.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1  person, on December 9, 2022 with the discovery cutoff looming on December 11th.[1]

2  Declaration of Daniel A. Brown ("Brown Decl.), ¶ 2, Ex. A.  On November 27, Defense

3  counsel indicated that he and Ms. Sawant were not available on December 9, but that they were

4  available—*but only via Zoom*—on December 7.  *Id*., ¶ 3, Ex. B.  Shortly thereafter, Plaintiffs'

5  counsel informed Defense counsel that (1) Ms. Sawant's deposition would need to occur in-

6  person (and not virtually); and (2) that he was not available for the date suggested by Ms.

7  Sawant or earlier that week, but that he *was* available on either December 13 or 14, to

8  accommodate her and counsel's schedules, presuming an appropriate stipulation to extend the

9  discovery cutoff to accommodate that deposition.  *Id*., ¶ 3-5.

> From: Brown, Daniel <dbrown@williamskastner.com>
> Sent: Wednesday, November 30, 2022 4:37 PM
> To: Dmitri Iglitzin <iglitzin@workerlaw.com>
> Cc: Bulis, Diane <dbulis@williamskastner.com>; Cox, Jessica <JCox@williamskastner.com>
> Subject: RE: Miller & Spaulding v. Sawant (USDC) deposition notices
>
> Dmitri,
>
> Unfortunately, we will be taking Ms. Sawant's deposition in-person at our offices and we do not have any earlier dates available that work.  That being said, we could take her deposition on either December 13 or 14.  Please check with her and your schedule to see if that works and we can execute an appropriate stipulation to extend the discovery cutoff to accommodate that deposition as we indicated earlier we would be willing to do.
>
> Dan
>
> **Daniel Brown**
> Williams Kastner | Attorney at Law
> 601 Union Street, Suite 4100
> Seattle, WA 98101-2380
> P: 206-233-2949 | F: 206-628-6611 | M: 206-795-4166
> www.williamskastner.com
> **WASHINGTON** OREGON

*Id*., ¶ 3-5, Ex. B.

---

[1] The discovery cutoff in this matter was Sunday, December 11, 2022 (effectively December 12, 2022).

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 3
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

1  Having not heard from Defense counsel over the next week, Plaintiffs' counsel again

2  reached out again, attempting to cooperatively schedule Defendant's deposition to a mutually

3  agreeable date as her deposition was scheduled for the next day:[2]

> From: Brown, Daniel <dbrown@williamskastner.com>
> Sent: Thursday, December 08, 2022 1:14 PM
> To: Dmitri Iglitzin <iglitzin@workerlaw.com>
> Cc: Bulis, Diane <dbulis@williamskastner.com>; Cox, Jessica <JCox@williamskastner.com>
> Subject: RE: Miller & Spaulding v. Sawant (USDC) deposition notices
>
> Dmitri,
>
> If you are not going to stipulate to taking Ms. Sawant's deposition in the near future (which is looking that way since you haven't responded on this yet to me), then I need a quick conference with you so I can bring a motion to compel and extend the deadline.
>
> Please advise as to your availability for a quick call. I can make myself available anytime tomorrow after 11:00 a.m. or on Monday with fairly open availability.
>
> Dan

*Id*. (the Court is requested to carefully review the emails attached to Mr. Brown's supporting declaration filed herewith).

Defense counsel finally responded the next day, but did not state whether he had spoken with Ms. Sawant regarding other possible deposition dates, only that he was available for a 26(i) conference the following week—notably, after the discovery cutoff. *Id*. When pressed to do the conference before the discovery cutoff, Defense counsel stated that he was

---

[2] At this point, Defendant Sawant's responses to discovery were also late as she had not submitted any documents responsive to the discovery requests propounded on her. *Id*. Plaintiffs' counsel informed Defense counsel of this fact as well during this email exchange which prompted Defendant to tardily produce documents only briefly before what should have been Ms. Sawant's deposition (and only after promptly by Plaintiff's counsel).

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 4
CASE NO. 2:18-cv-00506-MJP

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

unavailable until Wednesday the following week, thus delaying Plaintiffs filing of this motion.[3]

Defendant Sawant failed to appear for her deposition which was scheduled (and properly noted) for December 9 in violation of the court rules.

### B. The Parties Finally are able to Meet and Confer and Defendant Indicates She Will Still Not Show Up for Her Deposition at any Future Date

On December 12, Messrs. Brown and Iglitzin finally conferred regarding Ms. Sawant's deposition and the necessary rescheduling since she failed to appear and did not obtain a protective order for her conduct. It was at this point that Mr. Iglitzin, defense counsel, indicated that Ms. Sawant would not be making herself available for her deposition at any future date unless ordered to by the Court. His only argument was that she had offered a single date of December 7 (which did not work for Plaintiffs' counsel's schedule) and only via Zoom, thus he believed that Ms. Sawant was (a) absolved from having to file a protective order (on what basis would be entirely unclear) and (b) not required to ever be deposed in this case at all.

As a result of such disingenuous positions and Defendant's failure to abide by the court rules and this Court's scheduling order, this motion became necessary. *Id.*, ¶ 6.

### III. EVIDENCE RELIED UPON

Plaintiffs rely on the pleadings and papers already on file with the Court as well as the Declaration of Daniel A. Brown.

### IV. AUTHORITY/ARGUMENT

### A. The Legal Standard

Federal Rule of Civil Procedure 37(d) provides that "[t]he court…may, on motion, order sanctions if…**a party**…fails, after being served with proper notice, to appear for that

---

[3] Surprising he could not find time for a two minute call (which is all the conference lasted ultimately) or to actually put his position in writing as Plaintiff's counsel had done. More reindeer games in honor of the season apparently.

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 5
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i) (emphasis added). Furthermore, the sanctions available to the Court "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed.R.Civ.P. 37(d)(3). The listed sanctions include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
> …
> (vi) rendering a default judgment against the disobedient party.

Fed.R.Civ.P. 37(b)(2)(A)(i)-(iv) and (vi). Plaintiffs request that at least one of these sanctions be taken by the Court for Defendant's failure to attend her own properly noted deposition and to properly sanction the party (and her counsel) for such intentional disregard of both the spirit and the letter of the rules of civil procedure.

**B.   The Court Should Grant a Sanction that Offsets Harm Occasioned by Defendant's Discovery Conduct by Finding Defendant in Default**

The imposition of terminal sanctions, such as finding the defendant in default, is severe and appropriate where the party's violation is due to "willfulness, bad faith or fault." *See e.g. Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir.1993) (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir.1985). In considering this sanction, the Court needs to consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Service*, 833 F.2d 128,

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 6
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

1  130 (9th Cir.1987), *cert. denied*, 488 U.S. 819 (1988) (quoting *Thompson v. Housing

2  Authority*, 782 F.2d 829, 831 (9th Cir. 1986)).[4]

3  In considering the requisite five factors, default is appropriate here.

4  ***First***, under the first factor, "[t]he public's interest in expeditious resolution of litigation

5  always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting

6  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Defendant Sawant has not

7  permitted her own—***a party in the case***—deposition to go forward.  As this case is set for trial

8  May 15, 2023, Defendant's failure to participate in this case will significantly delay the case,

9  and accordingly interferes with the public's interest in expeditious resolution of the case.[5]

10  ***Next***, the second factor also favors default.  Because Defendant has failed to participate

11  in discovery, the Court will likely need to continue the trial date and issue a new scheduling

12  order (at least for some of the deadlines, namely, the dispositive motion cutoff).[6]  This would

13  cause the Court to dedicate further time to this matter that it could devote to other cases being

14  actively litigated, impeding the Court's ability to manage its docket.  *See Pagtalunan*, 291 F.3d

15  at 642.

16  The deadline for discovery has now come and gone, which is obviously why Defendant

17  Sawant will not agree to have her deposition taken now, despite having it noted previously and

18  prior to the discovery cutoff.  Assuming the Court will not let such conduct stand, Defendant

19  Sawant is certainly putting Plaintiffs in a disadvantage with the holiday's looming and the

---

[4] If a party fails to appear for a properly noticed deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P 37 (d)(1)(A)(i); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir.1981) (stating that sanctions including dismissal, may issue for a complete or serious failure to respond to discovery, such as a failure to appear for a deposition, even absent a court order compelling discovery).

[5] This is particularly egregious when it was Defendant that vehemently opposed any continuance as requested by Plaintiffs.  The reason is now obvious, they want to put Plaintiffs at a severe disadvantage.

[6] Plaintiffs request an appropriate extension of the deadlines in this matter in light of Defendant's intransigence.

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 7
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

1  unlikely event Plaintiffs can get her deposition done for another month or more depending on
2  the Court's availability to consider this motion.
3     Her conduct and refusal to "play fair" after successfully opposing Plaintiffs' only
4  motion for a continuance (a short one at that) has brought this action to a stall, threatens the
5  integrity of the court's case schedule and trial date, and has consumed unwarranted and
6  unnecessary amounts of the court's time and resources.  All of these consequences arise solely
7  from her failure and refusal to meet her ordinary discovery obligations of being
8  deposed.  Accordingly, the first two factors weigh in favor of the harshest of discovery
9  sanctions.
10     *Next*, the third factor—the risk of prejudice to Plaintiffs—weighs heavily in favor of
11  default in this case. "A [plaintiff] suffers prejudice if the [defendant]'s actions impair the
12  [plaintiffs'] ability to go to trial or threaten to interfere with the rightful decision of the case."
13  *Adriana In'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990).  "The law also presumes
14  prejudice from unreasonable delay." *See In re Phenylpropanolamine (PP–4) Products*
15  *Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir.2006).  Defendant Sawant, the one who made
16  the statements, alleged to be defamatory here, and who has asserted several fact dependent
17  affirmative defenses, needed to be deposed.  Arguably, the most critical factor to be considered
18  in case-dispositive sanctions is whether "a party's discovery violations make it impossible for a
19  court to be confident that the parties will ever have access to the true facts.'" *Valley Eng'rs v.*
20  *Electric Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir.1998).
21     Defendant's discovery delay and abuse (after opposing plaintiffs' continuance request)
22  makes it impossible for this Court to conclude that either it or Plaintiffs will ever have access
23  to the facts that are uniquely within her control, and thus factor three weighs in favor of
24  default.  In other words, Defendant's failure to participate in discovery, by failing to attend her
25

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 8
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

1  own deposition (and then the abject refusal to reschedule trying to gain an advantage based on

2  the calendar), prejudices Plaintiffs' ability to prepare for trial. *In re Exxon Valdez*, 102 F.3d at

3  433. Defendant has not provided any reason for failing to appear to her deposition. This factor

4  weighs in favor of default.

    *As to the fourth factor*, "[t]he overwhelming weight of the factors supporting [default or] dismissal overcomes the policy favoring disposition of cases on their merits." *In re Exxon Valdez*, 102 F.3d at 433. Even so, the policy of resolving cases on their merits lends little support to Defendant, whose failure to sit for deposition has obstructed the resolution of the claims against her on the merits. *See id*; *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006):

> [A]t the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, we have also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."

    *Finally*, less drastic sanctions, should be considered in light of the facts of this case and the fact that Defendant Sawant is simply trying to play games at this point, does not tip this factor in her favor. Refusing to reschedule her deposition on the grounds that discovery is over and refusing to stipulate to an agreed upon date shortly thereafter cannot go rewarded (or unpunished) by this Court. This is the worse type of conduct – trying to deny the Plaintiffs the opportunity to have Defendant Sawant finally go on the "record" of her beliefs, her intentions, and her thoughts related to the "racially based murder" claims she cast at the Plaintiffs to the public at large.

    Even if less drastic sanctions are available, the Court should nonetheless determine that default is appropriate because of the other factors weighing in its favor. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 9
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

outweigh one against dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate where three of the five factors supported dismissal).

## C. If the Court Considers a Lessor Sanction, It Should Preclude Defendant From Testifying At Trial of Strike Her Affirmative Defenses

If the Court considers a lesser sanction—it should not, given Defendant Sawant's blatant willfulness to not attend her own deposition—the Court should prohibit her testifying at trial or "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" under Rule 37(b)(2)(A)(ii). Alternatively, it should strike her affirmative defenses under Rule 37(b)(2)(A)(iii).

## D. If the Court Considers an Even Lessor Sanction, It Should Require Defendant Sawant to Appear For Deposition, Award Fees and Costs, and Sanction Defendant

If the Court considers an even lesser sanction than the above, it seemingly has to require Defendant Sawant to appear for deposition in-person at Plaintiffs' counsel's offices at a time and date of Plaintiffs' choosing, (upon 10 calendar days' notice) in addition to awarding fees and costs associated with the drafting and filing this motion, as well as appropriate sanctions in an amount to educate and deter such improper conduct donated to the Civility Center for Law (https://www.civilitycenterforlaw.org/). Should this occur, the Court should at least alter the remaining pre-trial deadlines and trial by the amount of time it takes for her deposition to ultimately occur.

## V. CONCLUSION

"[T]he right of discovery authorized by the civil rules" is of constitutional dimension. *John Doe v. Puget Sound Blood Ctr.*, 117 Wn.2d 772, 780, 819 P.2d 370 (1991); *Putman v. Wenatchee Valley Med. Ctr., P.S.*, 166 Wn.2d 974, 979, 216 P.3d 374 (2009) ("This right of access to courts includes the right of discovery authorized by the civil rules. As we have said before, 'it is common legal knowledge that extensive discovery is necessary to effectively

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 10
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

1   pursue either a plaintiff's claim or a defendant's defense."); *Lowy v. PeaceHealth*, 174 Wn.2d

2   769, 776-77 (2012) (noting that the discovery rules effectuate the constitutional mandate

3   through "a broad right of discovery" and "relatively narrow restrictions").

4     Some type of serious sanction is warranted by the Court for Defendant's disregard for

5   the civil rules.  The Court should at a minimum require Defendant to sit for deposition (and

6   award Plaintiffs' fees and costs).  But in actuality, the Court should order default against

7   Defendant for her failure to appear for her deposition, or in the alternative, preclude her from

8   testifying at trial or strike her affirmative defenses.

9     DATED this 15th day of December, 2022.

            s/Daniel A. Brown
            Daniel A. Brown, WSBA #22028
            Attorneys for Plaintiffs Miller and Spaulding
            WILLIAMS, KASTNER & GIBBS PLLC
            601 Union Street, Suite 4100
            Seattle, WA 98101-2380
            dbrown@williamskastner.com
            Tel:  (206) 628-6600 Fax:  (206) 628-6611
            Email: dbrown@williamskastner.com

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 11
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

s/ Daniel A. Brown
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
dbrown@williamskastner.com
Attorneys for Plaintiffs Miller and Spaulding

MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 12
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7686764.1