UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, MICHAEL SPAULDING, <br><br> Plaintiffs, <br><br> v. <br><br> KSHAMA SAWANT, <br><br> Defendant. | CASE NO. C18-506 MJP <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' "Motion to Compel Defendant Sawant's Deposition After Failing to Appear for Properly Noted Deposition and for Sanctions, Attorneys' Fees and Costs." (Dkt. No. 108.) Having reviewed the Motion, Defendant's Opposition (Dkt. No. 110), the Reply (Dkt. No. 112), and all supporting materials, the Court GRANTS in part and DENIES in part the Motion.

**BACKGROUND**

Plaintiffs' Motion concerns their unsuccessful efforts to depose Defendant Kshama Sawant before the discovery deadline expired on December 11, 2022. Despite discovery having

commenced in March 2022, Plaintiffs waited until November 22, 2022 to serve a deposition notice on Sawant. Plaintiffs noted her in-person deposition for December 9, 2022. (See Declaration of Daniel Brown at ¶ 2 & Ex. A (Dkt. No. 109).) In response, Sawant's counsel noted that neither he nor Sawant was available on December 9th, but indicated that they could be available via Zoom on December 7, 2022. (Id. ¶ 3, Ex. B.) Plaintiffs' counsel refused to accept a remote deposition and was not available on December 7, 2022. (Id.) Plaintiffs' counsel proposed an in-person deposition on December 13 or 14, 2022 provided that Sawant's counsel would "agree to stipulate to extend (by only two days) the discovery cutoff to accommodate the taking of Ms. Sawant's deposition at a mutually agreeable date in-person." (Id. ¶ 3.) Sawant refused to agree to be deposed after the discovery cut-off or to stipulate to an extension of the discovery deadline. After the parties met and conferred on December 12, 2022, Plaintiffs filed the Motion to Compel on December 15, 2022.

## ANALYSIS

**A.      Sawant Must Sit for a Deposition**

Federal Rule of Civil Procedure 30 governs depositions by oral examination. It provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Although the Rule does not specify what is "reasonable," ten business days have been found to a reasonable amount of advance notice. See In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327 (N.D. Ill. 2005). And under Rule 30(g), "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the

1  deposition. . . ." Fed. R. Civ. P. 30(g)(1). A party may also seek sanctions under Rule 37(d) when
2  the opposing party fails to appear for a properly-noticed deposition.
3    The Court is satisfied that Plaintiffs served a valid notice of deposition. The notice was
4  served on November 22, 2022, which was more than ten business days before the deposition,
5  even accounting for the Thanksgiving holidays. Sawant does not argue that the notice was
6  unreasonable or identify any defect in its substance. The Court therefore finds that Plaintiffs
7  served a valid and enforceable deposition notice that entitles them to take an in-person deposition
8  of Sawant.
9    Notwithstanding this fact, Plaintiffs are largely at fault for creating the predicament in
10 which they now find themselves. Plaintiffs waited until the last two-and-a-half weeks of
11 discovery to serve a deposition notice on Sawant. This then left the Parties with few alternative
12 options to find a mutually-agreeable date. Sawant made a reasonable counter-proposal to hold
13 the deposition on December 7th and to do so by Zoom. But Plaintiffs' counsel was unavailable
14 and Plaintiffs were unwilling to conduct a remote deposition. While Plaintiffs are within their
15 rights to demand an in-person deposition, this meant the Parties could not find a time within the
16 discovery period to conduct the deposition. Plaintiffs' proposal to conduct Sawant's deposition
17 after the discovery deadline showed some initiative to engage in problem solving, but the
18 deposition could not have been properly conducted after the discovery deadline without first
19 obtaining leave of Court. That is because no court-imposed deadline may be altered except with
20 express leave of Court. It was therefore improper of Plaintiffs' counsel to suggest that Sawant
21 could simply stipulate to an extension of the deadline between the Parties without also obtaining
22 Court approval. Similarly, Sawant erred in not moving for a protective order in advance of the
23 deposition scheduled on December 9, 2022. This was a necessary step to excuse her failure to
24

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL - 3

appear at the deposition. Ultimately, the facts here show two entrenched parties who needed to act with greater cooperation and to abide by not just the letter, but the spirit of the Civil Rules.

Against this backdrop, the Court finds the proper remedy requires Sawant to sit for an in-person deposition at a mutually agreed-upon date to occur within 7 days of entry of this Order. The Parties must meet and confer within 2 days of this Order and notify the Court of the agreed-upon date. If they cannot agree upon a date, the Court will set the date of the deposition and the specific location within the Courthouse.

Separately, the Court notes that Sawant is incorrect that Plaintiffs' Motion itself is untimely. Though styled a "Motion to Compel," the motion seeks sanctions and relief under Rule 37(d). Such a motion is not subject to the discovery motion deadline. Even if it were, the Court finds good cause to consider it as timely filed given that Plaintiffs served a timely notice of deposition, Sawant failed to move for a protective order, and Plaintiffs timely moved for an order compelling her appearance.

**B.    No Sanctions are Warranted**

Invoking Rule 37(d), Plaintiffs ask the Court to impose "terminal sanctions" against Sawant by finding her in default or, in the alternative, striking her affirmative defenses or barring her from testifying at trial. Plaintiffs also ask for the Court to require Sawant to pay the fees and costs they incurred in bringing the Motion. In opposition, Sawant demands payment of her attorneys' fees and cost under Rule 37(a)(5)(B). Neither Party is entitled to sanctions of any kind.

First, the Court rejects Plaintiffs' request for terminal sanctions. As the cases on which Plaintiffs rely make clear, such relief is only appropriate where there "the losing party's non-compliance [is] due to willfulness, fault, or bad faith." See Henry v. Gill Indus., Inc., 983 F.2d

943, 946 (9th Cir. 1993). There is no evidence here of willfulness, bad faith, or fault for Sawant's failure to appear at her deposition. As the Court explains above, Plaintiffs are at fault for creating a scenario in which reasonable accommodation of the Parties' and their counsel's schedules was not possible before the end of discovery. As a direct result of Plaintiffs' failure to engage in discovery in a timely manner, the Parties were unable to find an agreeable time within the discovery period. While Sawant should have moved for a protective order, she did undertake efforts to offer an alternative date. On this record, there is no basis to find bad faith, willfulness or fault. This renders terminal sanctions improper.

Second, even if there was evidence of bad faith, willfulness, or fault, the Court finds that relevant factors weigh against entry of default. "'Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Henry, 983 F.2d at 948 (quoting Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." Id. (quoting Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)). Here, the factors all disfavor entry of default. Given how long it took Plaintiffs to engage in discovery, it would be counterintuitive to find that entry of default judgment would serve the public interest in expeditious resolution of litigation or the Court's need to manage its docket. Both interests would have been better served had Plaintiffs actively litigated this matter, which they did not. Nor is there particular evidence of prejudice to Plaintiffs if they do not obtain entry of default.

And any risk of prejudice is obviated by requiring Sawant to sit for a deposition—the less drastic remedy the Court finds appropriate. This will surely help this matter be resolved on the merits. In sum, the factors here do not favor any remedy other than requiring Sawant to sit for a deposition.

Third, the Court finds no merit in awarding any alternative sanction, such as barring Sawant from testifying at trial or from pursuing her affirmative defenses. While Sawant bears some responsibility for not appearing at her deposition, Plaintiffs bear much blame for the fact that they did not take her deposition within the discovery period. Such a drastic remedy here does not align with the equities and the Court rejects the request for such sanctions.

Fourth, the Court finds no basis to award fees or costs to either Party. Under Rule 37(a)(5)(B) and (d)(3), an award of fees and costs or other relief would be improper if the opposing party's position was "substantially justified" or "other circumstances make an award of expense unjust." Here, each side bears some responsibility for having to involve the Court in resolving this Motion. While Plaintiffs are largely to blame for creating the scenario in which they could not timely take Sawant's deposition, Sawant herself failed to appear at a validly-noticed deposition without seeking a protective order. Both Parties failed to follow not just the letter, but also the spirit of the Civil Rules. The Court finds that it would be unjust to award fees or costs to either Party. The Court DENIES the requests for sanctions, fees, or costs.

**C.      Footnotes and Tone**

The Parties' briefing confirms that both sides need to reset the manner and tenor of their approach to litigating this case. Both Parties have shown an unwillingness to cooperate in the face of disagreement and, instead, a willingness to dig in on positions that may have some merit, but which do not advance resolution of this dispute. And the acrimony between the Parties is all too frequently laid out in the briefing. While this may be cathartic, it does not serve the interests

of the Parties. It distracts from the real issues at the heart of this action. The Court notes that Plaintiffs are primarily at fault on this issue. All too frequently, Plaintiffs' counsel relies on sarcasm and hyperbole rather than grounded, logical reasoning to advocate on his clients' behalf. And, too frequently, Plaintiffs use footnotes to make both substantive arguments and sling barbs at Sawant and her counsel. The Court finds great irony in Plaintiffs' demand that sanctions be paid to the Civility Center for Law when Plaintiffs' own briefing relies on pettiness and incivility. The Court will no longer tolerate this kind of rhetoric or the use of footnotes. The Court therefore puts both Parties on notice that the failure to engage each other with civility and to use civil tone in written briefing will result in sanctions. Additionally, the Court will not accept or consider footnotes in any briefing filed in this action

## CONCLUSION

Discovery motions are often the vehicle the parties use to air personal and petty grievances that develop through the course of litigating a case. Unfortunately, the present Motion follows this pattern. At its heart, Plaintiffs' Motion presents a straightforward legal issue that required a sensible and narrow request for relief. Instead, Plaintiffs used the Motion to engage in personal attacks and demand wholly unreasonable relief that cannot be squared with the record of Plaintiffs' own inaction. This is not to say that Sawant is without some fault. She should have sought relief of Court rather than failing to appear at her deposition. The proper remedy here is that Sawant must sit for an in-person deposition. On this narrow basis the Court GRANTS in part the Motion, but otherwise DENIES the other requested relief.

Within 2 days of entry of this Order, the Parties must meet and confer to find a mutually agreed-upon date for Sawant's in-person deposition. The deposition must occur within 7 days of entry of this Order. Within 2 days of entry of this Order, the Parties must file with the Court a

1  notice specifying the deposition date or reporting that the Parties could not agree on a date. If the
2  Parties are unable to agree upon a date, the Court will set the date of the deposition and a specific
3  location within the Courthouse.
4      The clerk is ordered to provide copies of this order to all counsel.
5      Dated January 4, 2023.

*[signature]*

Marsha J. Pechman
United States Senior District Judge