The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, an individual, MICHAEL SPAULDING, an individual,<br><br>           Plaintiffs,<br>  v.<br><br>KSHAMA SAWANT, an individual. CITY OF SEATTLE, a municipal corporation,<br><br>           Defendants. | NO. 2:18-cv-00506-MJP<br><br>MOTION FOR RECONSIDERATION RE: ORDER ON MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS<br><br>**Noted for Consideration:**<br>January 18, 2023 |

## I.  REQUEST

Plaintiffs seek reconsideration of the order denying their request for an award of reasonable attorneys' fees and costs under Rule 37(a)(5)(B) and (d)(3) following the Court's order which granted Plaintiffs' request that Defendant Sawant sit for deposition.  Dkt. # 115. Plaintiffs make this request because they believe the Court failed to apply the appropriate law under LCR 7(h).

**A.**    <u>**The Record Does Not Contain *Any* Information Why Defendant Failed To Appear For Her Properly Noted Deposition**</u>

FRCP 37(d)(3) makes clear that when a party fails to attend their own deposition, an

MOTION FOR RECONSIDERATION RE MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 1
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7697268.1

award of reasonable expenses, including attorney's fees, is mandatory unless the failure was substantially justified or other circumstances make an award of expenses unjust:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, **<u>the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure</u>**, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FRCP 37(d)(3) (emphasis added).  Moreover, the failure to attend one's own deposition is "…not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order…"  FRCP 37(d)(2).

Here, there is nothing in the record justifying—substantially or otherwise—Defendant Sawant's failure to appear for her properly noted deposition.  Defendant Sawant did not submit any declaration or affidavit stating why she did not attend or what conflict purportedly prohibited her from attending her own deposition.  And a declaration from her counsel is insufficient (and inadmissible), not to mention lacking any personal knowledge of Defendant Sawant's schedule or reasons for her not attending her properly noted deposition.  *See e.g., Metrocorps, Inc. v. Eastern Massachusetts Jr. Drum & Bugle Corps Ass'n,* 912 F.2d 1 (1st Cir.1990) (holding it is error to deny sanctions for attorney's fees without finding of substantial justification or that award would be unjust); *Davis v. Nevarez*, 3:07-CV-00427EJLLMB, 2009 WL 1468705, at *4 (D. Idaho May 22, 2009) ("On the state of the record, it is unknown why Nevarez's failed to appear for his deposition and whether his failure to appear was  substantially justified. Accordingly, the Court may not conclude that Nevarez's failure to appear was substantially justified and does not find other circumstances that would render the imposition otherwise unjust.").

The Court seemed to place equal blame on Plaintiffs and Defendant Sawant for her

MOTION FOR RECONSIDERATION RE MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 2
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7697268.1

failure to appear for her timely and properly noted deposition:

> …each side bears some responsibility for having to involve the Court in resolving this Motion. While Plaintiffs are largely to blame for creating the scenario in which they could not timely take Sawant's deposition, Sawant herself failed to appear at a validly-noticed deposition without seeking a protective order. Both Parties failed to follow not just the letter, but also the spirit of the Civil Rules.

Dkt. # 115 at 6. However, it is unclear to Plaintiffs how or why noting a deposition within the discovery period is somehow impermissible or "not timely" as the Court indicates (certainly not "largely to blame"), especially where this Court had only recently before denied Plaintiffs' motion for a short continuance. Plaintiffs cannot locate a rule or deadline which would require them to take a deposition *prior* to the deadline for discovery. The Court's blaming of Plaintiffs for Defendant Sawant's failure to appear (not to mention her failure to file a motion for protective order) is unjust and contrary to the facts and the law. Defendant Sawant had the burden of establishing substantial justification or circumstances making an award of expenses unjust—something did not even attempt to do as the record is completely lacking any information why she failed to attend. *See e.g., ProDox, LLC v. Prof'l Document Servs., Inc.*, 341 F.R.D. 679, 686–88 (D. Nev. 2022), *objections overruled*, 220CV02035JADNJK, 2022 WL 2275185 (D. Nev. June 22, 2022); *Croomes v. Stream Glob. Servs.--AZ, Inc.*, CV11-0141-PHX-JAT, 2012 WL 748307, at *4 (D. Ariz. Mar. 8, 2012) (finding that no evidence or a good faith discovery dispute existed which would substantially justify Plaintiff's nonappearance to her deposition despite the fact that "confused the dates and miss-read [sic] the letters from defendant.").

B. **Defendant Sawant Did Not Absolve Her Duty to Appear By Suggesting An Alternative Zoom Date**

The Court appears to place significance on the fact that Defendant Sawant offered an

MOTION FOR RECONSIDERATION RE MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 3
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7697268.1

alternative date (which was not available for Plaintiff's counsel) for a Zoom deposition (something Plaintiffs never agreed to), and thus suggesting her non-appearance was warranted:

> *Sawant made a **reasonable** counter-proposal to hold the deposition on December 7th and to do so by Zoom.*  But Plaintiffs' counsel was unavailable and Plaintiffs were unwilling to conduct a remote deposition. While Plaintiffs are within their rights to demand an in-person deposition, this meant the Parties could not find a time within the discovery period to conduct the deposition.

Dkt. # 115 at 3 (emphasis added).

*First*, Plaintiffs do not understand how a proposal for a virtual deposition is even a counter-proposal in the first instance.  Why the Court seems to think Defendant Sawant's conduct was somehow reasonable runs counter to the governing civil rules.  While Plaintiffs (and their counsel) appreciate the flexibility the technology over the past two years has provided parties, Plaintiffs need for assessing Defendant Sawant's credibility was critical in this case (particularly given that it is a defamation case) and were fully within their rights to demand an in-person deposition (as the Court seemingly begrudgingly acknowledged).

*Second*, and more importantly, while the Court acknowledges that Defendant Sawant should have moved for a protective order prior to not showing up to her deposition, it finds Plaintiffs culpable for not acting with "greater cooperation."  *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("unless [a deponent] has obtained a court order that postpones or dispenses with his duty to appear, that duty remains").

Plaintiffs do not know how they could have cooperated more with Defendant Sawant-- they even suggested a stipulation (to be signed by the Court) to take her deposition a day or two after the discovery cut-off or other agreeable time thereafter.  The Court seems to believe that Plaintiffs were unaware that a stipulation was insufficient to extend the discovery deadline, but a careful review of the email exchanges between the parties' counsel demonstrates that

MOTION FOR RECONSIDERATION RE MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 4
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7697268.1

Plaintiffs' counsel was well aware the stipulation needed to be approved by the Court first and that is what they offered. It was Defendant's counsel that refused to engage in any deposition after the discovery cutoff once his client, Sawant, failed to appear at her properly noticed deposition. What more could Plaintiffs have done but seek relief from this Court – relief that was granted only to be told confusingly that something on Plaintiffs' end was not done correctly.

## II.  CONCLUSION

Plaintiffs wished to avoid the very motion (and order sought to be reconsidered) and attempted to work cooperatively (to the extent possible) with Defendant Sawant to resolve this matter without Court assistance. It was Defendant that failed in that regard. The Court's blaming of Plaintiffs, however, for Defendant Sawant's failure to appear for deposition is unfounded in both the law and the facts. Defendant Sawant was required to—at a minimum—file a motion for protective order (which would not have absolved her duty to appear to attend—nor do Plaintiffs know what it would be based upon given the current record). She did not do so. Reasonable fees and costs are warranted for this conduct and mandated by the civil rules.

DATED this 18th day of January, 2023.

s/Daniel A. Brown
Daniel A. Brown, WSBA #22028
Attorneys for Plaintiffs Miller and Spaulding
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
dbrown@williamskastner.com
Tel:  (206) 628-6600 Fax:  (206) 628-6611
Email: dbrown@williamskastner.com

MOTION FOR RECONSIDERATION RE MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 5
CASE NO. 2:18-cv-00506-MJP

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7697268.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

s/ Daniel A. Brown
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
dbrown@williamskastner.com
Attorneys for Plaintiffs Miller and Spaulding

MOTION FOR RECONSIDERATION RE MOTION TO COMPEL DEFENDANT SAWANT'S DEPOSITION AFTER FAILING TO APPEAR FOR PROPERLY NOTED DEPOSITION AND FOR SANCTIONS, ATTORNEYS' FEES AND COSTS- 6
CASE NO. 2:18-cv-00506-MJP

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7697268.1