1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, an individual, MICHAEL SPAULDING, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> KSHAMA SAWANT, an individual, CITY OF SEATTLE, a municipal corporation, <br><br> Defendants. | Case No. 2:18-cv-00506-MJP <br><br> **DEFENDANT SAWANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

The Court should grant summary judgment for the Defendant, Kshama Sawant, on both of Plaintiffs' state-law claims because there are no genuine issues of material fact and Plaintiffs have failed to establish a prima facie case of defamation under Washington law. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996); Fed. R. Civ. P. 56(a). Plaintiffs provide no evidentiary support for their factual assertions, many of which are objectively false. Plaintiffs' arguments are similarly unsupported by any evidence and are wrong as a matter of law. Plaintiffs have not met their burden of proof on the elements of falsity, fault, or damages, and have thus failed to establish a prima facie case of defamation under Washington law. In deciding the motion, the Court should strike Plaintiffs' late-disclosed and undisclosed witness testimony, but should consider Sawant's properly disclosed and admissible expert testimony.

REPLY RE: MOTION FOR SUMM. JUDGMENT - 1
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1

## SUPPLEMENTAL STATEMENT OF FACTS

2      The Court should consider the facts as stated in Sawant's motion undisputed, because

3  Plaintiffs fail to support their assertions of contrary facts with citations to any record evidence. *See*

4  Dkt. 125 at 3–6. "Pursuant to the Local Civil Rules, parties must support factual assertions with a

5  citation to the record, including a pin cite to the relevant page or pages." *Ferguson v. Waid*, No.

6  C17-1685 RSM, 2018 WL 2183993, at *2 (W.D. Wash. May 11, 2018) (citing LCR 10(e)(6)).

7  Where Plaintiffs do make cursory citations to entire exhibits at the ends of whole paragraphs, the

8  evidence cited does not support—and in many cases, directly contradicts—the statements

9  Plaintiffs make.

10      More troubling are Plaintiffs' many false statements of fact that are not only unsupported

11  by any evidence, but objectively contradicted by the record. Plaintiffs assert, for example, that

12  "they watched" as Taylor "went down to the nearby trailer park" and "attempted to pimp out the

13  female who accompanied him." *Id.* at 3. The record conclusively shows that Plaintiffs observed

14  no such thing—rather, they watched Taylor enter the apartment building they were surveilling,

15  lost sight of him for a time, then saw him again only when he exited the white Ford Taurus. Dkt.

16  119 at 5. Similarly, Plaintiffs claim that when they shot Taylor "the gun—now completely out of

17  the holster and in his hand—landed in his vehicle." Dkt. 125 at 4. Plaintiffs cite no evidence to

18  support this and, of course, they cannot, as both Plaintiffs testified under oath at the inquest that

19  neither of them ever saw a gun in Taylor's hand and, as is now known, the only gun recovered

20  from the scene was found underneath the passenger seat of the Ford Taurus. Dkt. 119 at 7.

21      Likewise, Plaintiffs' characterizations of the inquest proceeding are not just imprecise, they

22  are objectively false. Plaintiffs' claim, for example, that the inquest was convened "to determine

23  whether criminal charges should be brought" against them. Dkt. 125 at 4, 5. And they claim that

24  the inquest "cleared the Plaintiffs of any wrongdoing." *Id.* at 5. The inquest was not convened for

25  the purpose of determining whether the Plaintiffs were guilty of a crime or whether they should be

26  charged with a crime, and the inquest jury neither considered those questions nor answered them

27  in their final interrogatories. Dkt. 119 at 10–11; Dkt. 120, Ex. 15.

REPLY RE: MOTION FOR SUMM. JUDGMENT - 2
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

Plaintiffs' statement of facts merely repeats the allegations in their Third Amended Complaint, Dkt. 52, without any evidentiary support. Because Plaintiffs have failed to properly support their assertions of fact or to properly address the facts stated and supported in Defendant Sawant's motion, the Court should consider Sawant's statement of the facts undisputed. Fed. R. Civ. P. 56(e); *see also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030–31 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."); *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1085 (8th Cir. 1999) ("[A] district court is not 'obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim.'") (citation omitted); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.").

## ARGUMENT

**I.     Plaintiffs have not met their burden of proof on the element of falsity to show that Sawant's statements were actionable statements of false facts.**

Plaintiffs must show that Sawant's statements were "provably false," and they bear "the burden of proving the falsity." *Wood v. Battle Ground Sch. Dist.*, 107 Wn. App. 550, 571, 27 P.3d 1208 (2001). A statement of opinion is not provably false, and thus "[b]efore the truth or falsity of an allegedly defamatory statement can be assessed, a plaintiff must prove that the words constituted a statement of fact, not an opinion." *Robel v. Roundup Corp.*, 148 Wn.2d 35, 55, 59 P.3d 611 (2002). "It is for the Court to determine whether a statement is capable of defamatory meaning. *Paterson v. Little, Brown & Co.*, 502 F. Supp. 2d 1124, 1133 (citing *Hoppe v. Hearst Corp.*, 53 Wn. App. 668, 672, 770 P.2d 203 (1989)). "Similarly, whether a statement constitutes an actionable statement of defamatory fact or a statement of non-actionable opinion is an issue of law for the Court." *Id.* (citing *Camer v. Seattle Post-Intelligencer*, 45 Wn. App. 29, 38, 723 P.2d 1195 (1986)).

REPLY RE: MOTION FOR SUMM. JUDGMENT - 3
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1    Plaintiffs have failed to show that Sawant's statements were actionable statements of false

2    facts. At the outset, Plaintiffs misunderstand who bears the burden of proof on this issue. Plaintiffs

3    claim there is "no proof" that Sawant's statements were non-actionable opinions, Dkt. 125 at 14,

4    but it is *their burden* at the summary judgment stage to produce evidence sufficient to prove the

5    opposite, that her statements constituted actionable statements of false facts. *Wood*, 107 Wn. App.

6    at 571; *Schmalenberg v. Tacoma News, Inc.*, 87 Wn. App. 579, 591, 943 P.2d 350 (1997). And,

7    contrary to Plaintiffs' contention that "it does not matter whether Defendant Sawant's statements

8    were in form opinion or fact because they were . . . defamatory *per se*," a claim for defamation *per*

9    *se* still requires a plaintiff to establish the elements of defamation. *See Castello v. City of Seattle*,

10   No. C10-1457MJP, 2010 WL 4857022, at *6 (W.D. Wash. Nov. 22, 2010) (Pechman, J.) (citing

11   *Mohr v. Grant*, 153 Wn.2d 812, 822, 108 P.3d 768 (2005)) ("A Plaintiff claiming defamation *of*

12   *any sort* must establish four elements: (1) falsity, (2) an unprivileged communication, (3) fault and

13   (4) damages." (emphasis added)); *Valdez-Zontek v. Eastmont Sch. Dist.*, 154 Wn. App. 147, 166,

14   225 P.3d 339 (2010) ("The jury would not have considered defamation per se unless it had already

15   found a prima facie case of defamation . . . .").

16   Plaintiffs assert that Sawant's speeches were statements of fact because she "has access to

17   information not known generally to the public," and that listeners "most likely" would have

18   understood her statements as implying the existence of such undisclosed facts. Dkt. 125 at 15. But,

19   Plaintiffs offer no evidence to support these conclusory allegations, as they must to survive

20   summary judgment. "In order to defeat a motion for summary judgement, the non-moving party

21   must make more than conclusory allegations, speculations, or argumentative assertions that

22   material facts are in dispute." *Paterson*, 502 F. Supp. 2d at 1132; *Anderson v. Liberty Lobby, Inc.*,

23   477 U.S. 242, 248 (1986).

24   The record evidence shows that Sawant did not possess additional "inside" information

25   about Plaintiffs' killing of Che Taylor, nor did she base her statements on any information not

26   equally available to the public. *See* Dkt. 134, Ex. A at 110:1–113:25. Plaintiffs have produced no

27   evidence to the contrary, nor do they submit any evidence that anyone did or could reasonably

REPLY RE: MOTION FOR SUMM. JUDGMENT - 4
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD
IGLITZIN &
LAVITT LLP

have understood either of Sawant's statements as implying the existence of undisclosed facts. Moreover, Plaintiffs have cited no case law in opposition to the several cases Sawant cites to show that similar uses of the word "murder" have been held to be non-actionable statements of opinion. Dkt. 119 at 19–20.

Even if the Court finds that Sawant's speeches were actionable statements of fact, Plaintiffs have failed to prove that what Sawant said was false. Plaintiffs' argument in this regard appears to be that what Sawant said was not literally true because they were never charged with or convicted of murder. Dkt. 125 at 16. But setting aside the issue of whether the King County Prosecutor's failure to charge Plaintiffs proves anything in this regard, Sawant did not say that the Plaintiffs "were charged with murder," "were convicted of murder," or even "were *guilty* of murder." The fact that Plaintiffs were never charged or convicted only underscores the significance of Sawant saying that Che Taylor "was murdered"—that his killing was "wrongful . . . and that it *should be* considered criminal," but that too often police killings like Taylor's "are not." Dkt. 134, Ex. A at 95:13–96:4 (emphasis added).

Moreover, "Washington does not require a defamation defendant to 'prove the literal truth of every claimed defamatory statement.'" *Mohr v. Grant*, 153 Wn.2d 812, 825, 108 P.3d 768 (2005) (citation omitted). "A defendant need only show that the statement is substantially true or that the gist of the story, the portion that carries the 'sting,' is true." *Id.* (citation omitted). "The gist or sting of a story is the story's substance when considered as a whole." *Id.* Determining the "gist" is a question of law for the Court. *Id.* at 826.

Sawant has shown that what she said was "substantially true." Plaintiffs did kill Che Taylor and they do not present any evidence to contest the facts of that killing as Sawant has established them. *See* Dkt. 119 at 4–7. Plaintiffs do not seriously dispute that the Seattle Police Department has a documented history of using excessive force against people of color, and they present no evidence to the contrary. *Id.* at 9–10. A federal judge found that it was reasonable to conclude "that Taylor was not armed at the time he was shot and that Taylor was not engaged in the nonsensical act of drawing for a non-existent gun while multiple officers aimed their weapons at him," and

REPLY RE: MOTION FOR SUMM. JUDGMENT - 5
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1  thus, the court could not "determine, as a matter of law, whether [Plaintiffs'] use of deadly force

2  was reasonable." *Briscoe v. City of Seattle*, 483 F. Supp. 3d 999, 1012 (W.D. Wash. 2020). Sawant

3  has also provided (uncontested) expert witness testimony that Plaintiffs "were predisposed to use

4  deadly force to apprehend and arrest Che Taylor," and that their use of deadly force "was

5  objectively unreasonable, unnecessary, [and] excessive." Dkt. 120-1, Ex. 30, ¶¶ 30(e), 33. Sawant

6  has also presented expert testimony (which is not contested in relevant part) that Plaintiffs could

7  have been charged with murder even under then-existing Washington law, and that some officials

8  within the Seattle Police Department and the King County Prosecutor's office believed criminal

9  charges might have been warranted. Dkt. 120-1, Ex. 29 at 6–8.

10  Plaintiffs have presented no admissible evidence to the contrary. They falsely claim that

11  the inquest proceeding was convened "to determine whether charges should be brought" and that

12  the inquest jury "cleared the Plaintiffs of any wrongdoing." Dkt. 125 at 16. As discussed above,

13  this was not the purpose of the inquest nor was criminal liability an issue considered by the inquest

14  jury. As the judge who presided over the inquest explained: "An inquest is not a trial to determine

15  whether someone is guilty of a crime, nor is it an indictment process to determine whether someone

16  should be charged with a crime." Dkt. 120-1, Ex. 3 at 18:3–5. The Seattle Police Department's

17  internal investigation of the Taylor killing similarly has no bearing on whether what Sawant said

18  was substantially true. At best, as Plaintiffs acknowledge, the internal investigation found that

19  "Plaintiffs' conduct complied with departmental policy." Dkt. 125 at 17. As Sawant's statements

20  and the Department of Justice investigation made clear, however, Seattle Police Department

21  policies were part of the problem leading to the excessive use of force against people of color, like

22  Che Taylor. Dkt. 119 at 10, 22.

23  Because Plaintiffs have failed to make a "*factual* showing" or do more than make

24  "argumentative assertions that material facts are in dispute," *Paterson*, 502 F. Supp. 2d at 1132,

25  the Court should find that the "gist" or "sting" of Sawant's statements is substantially true. *Mohr*,

26  153 Wn.2d at 826. If the gist of Sawant's statements is true, then the additional label, "murder,"

27  that she used to describe these events is not defamatory. First, considering the descriptor "murder"

18 WEST MERCER ST., STE. 400   **BARNARD**

SEATTLE, WASHINGTON 98119   **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

as analytically distinct from the underlying facts only further underscores that Sawant's use of the term was a statement of opinion—an assertion deduced from true facts equally available to the public, and with which the audience could agree or disagree. *See Dunlap v. Wayne*, 105 Wn.2d 529, 540, 716 P.2d 842 (1986); *Porter v. Fieger*, No. 221349, 2001 WL 738398, at *2 (Mich. Ct. App. June 29, 2001). Second, Plaintiffs produced no evidence (and did not argue) that the inclusion of the word "murder" altered the "sting" of Sawant's statements "as a whole," and had "a materially different effect" on a listener "than that which the literal truth would produce." *Mark v. Seattle Times*, 96 Wn.2d 473, 496, 635 P.2d 1081 (1981). Plaintiffs thus failed to meet their burden of proof on the element of falsity, and the Court should grant summary judgment for Sawant.

## II. Plaintiffs have not met their burden of proof on fault to show clear and convincing evidence of actual malice.

Because Plaintiffs are public officials, they "must prove with clear and convincing evidence that the defendant made the statements with 'actual malice.'" *Duc Tan v. Lee*, 177 Wn.2d 649, 668, 300 P.3d 356 (2013). "Actual malice is a subjective standard, turning on the defendant's state of mind." *Paterson*, 502 F. Supp. 2d at 1143 (citing *Flowers v. Carville*, 310 F.3d 1118, 1131 (9th Cir. 2002)). "To prove actual malice, a plaintiff usually must establish that the declarant knew the expression was false, acted with a high degree of awareness of its probable falsity, or in fact entertained serious doubts as to the statement's truth." *Id.* at 1144 (citing *Margoles v. Hubbart*, 111 Wn.2d 195, 202, 760 P.2d 324 (1988)). On a motion for summary judgment, the question is "whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not." *Anderson*, 477 U.S. at 255–56. "The question whether the evidence in the record in a defamation case is sufficient to support a finding of actual malice is a question of law." *Duc Tan*, 177 Wn.2d at 668–69 (citing *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 510–11, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984)).

Plaintiffs do not meet this high burden of proof, because they have not produced *any* evidence of actual malice, let alone "clear and convincing evidence." Plaintiffs are correct that:

REPLY RE: MOTION FOR SUMM. JUDGMENT - 7
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1   "Actual malice can . . . be inferred from circumstantial evidence, including a defendant's hostility

2   or spite, knowledge that a source of information about a plaintiff is hostile, and failure to properly

3   investigate an allegation." *Id.* at 669 (citations omitted). What they omit, however, is that: "These

4   factors in isolation are generally insufficient to establish actual malice; they must cumulatively

5   amount to clear and convincing evidence of malice to sustain a verdict in favor of a plaintiff." *Id.*

6          Plaintiffs' only argument on actual malice is that, as they allege, "Sawant did not

7   investigate anything before she spoke." Dkt. 125 at 21. Even if they were correct that Sawant did

8   not investigate, that alone would be insufficient to prove actual malice. "Failure to investigate is

9   not sufficient to prove recklessness." *Herron v. KING Broad. Co.*, 112 Wn.2d 762, 777, 776 P.2d

10  98 (1989) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964)); *Duc Tan*, 177 Wn.2d

11  at 669 ("We do not measure reckless conduct by asking whether a reasonably prudent person

12  would have published or would have investigated before publishing.") (citing *St. Amant v.*

13  *Thompson*, 390 U.S. 727, 731 (1968)). As the Washington Supreme Court has explained:

14          [T]he public figure's critics have no affirmative duty to search out the truth or to
            substantiate their statements, nor are they required to corroborate their sources'
15          information. The only limitation on free expression is liability imposed for false
            and damaging statements made with actual knowledge of or in reckless disregard
16          of their falsity.

17  *Herron v. Tribune Publ'g Co.*, 108 Wn.2d 162, 171, 736 P.2d 249 (1987) (citing *Garrison v.*

18  *Louisiana*, 379 U.S. 64, 79 (1964)).

19          Regardless, Plaintiffs have not shown that Sawant's investigation was insufficient. As

20  Sawant has made clear, she based her opinion that Che Taylor was "murdered" on the video of his

21  killing released by the Seattle Police Department and on her conversations with others concerned

22  by the circumstances of Taylor's death. *See* Dkt. 121, ¶¶ 6, 9; Dkt. 134, Ex. A at 115:15–17.

23  Plaintiffs have not shown that Sawant had any reason to "doubt the veracity" of the video or to

24  suspect that any source of her knowledge was "hostile" to Plaintiffs. *See Duc Tan*, 177 Wn.2d at

25  669. Plaintiffs may wish that Sawant considered their statements and the police department's

26  investigation before speaking, but she was under no obligation to do so. *See Herron*, 108 Wn.2d

27

REPLY RE: MOTION FOR SUMM. JUDGMENT - 8
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400

SEATTLE, WASHINGTON 98119

TEL 800.238.4231 | FAX 206.378.4132

BARNARD

IGLITZIN &

LAVITT LLP

at 171. And, as Sawant articulated during her deposition, she had no reason to believe she would learn anything useful from contacting the Seattle Police Department. *See* Dkt. 134, Ex. A at 113:5–12, 113:19–25, 114:17–115:17, 118:3–8, 126:12–21, 127:15–18.

More importantly, Plaintiffs have provided absolutely no evidence whatsoever that Sawant "*in fact* entertained serious doubts as to the truth of [her] publication." *Herron*, 112 Wn.2d at 775 (quoting *St. Amant*, 390 U.S. at 730–31). Whatever the inquest proceeding did (and, more importantly, did not) find, the results would not have changed Sawant's opinion of the Taylor killing, even if she had been made aware of them. And neither did the King County Prosecutor's decision not to charge Plaintiffs with a crime. Sawant was far from reckless, however, in maintaining her belief that her statements were true—at her deposition she articulated considered rationales for why these facts would not have changed her opinion. *See* Dkt. 134, Ex. A at 132:13–24, 133:13–18, 135:13–14, 138:13–25, 144:7–16, 145:10–21, 146:10–23, 147:6–11. Because Plaintiffs have failed to produce clear and convincing evidence of actual malice, they have failed to meet their burden of proof on fault, and the Court should grant summary judgment for Sawant.

### III.   Plaintiffs have not met their burden of proof on damages because they cannot proceed on a claim of defamation *per se*.

Plaintiffs argue that their claim is for defamation *per se*, meaning a claim for defamation that is "actionable without proof of special damages." Dkt. 125 at 23; *Project Veritas v. Leland Stanford Junior Univ.*, No. C21-1326 TSZ, 2022 WL 1555047, at *5 n.5 (W.D. Wash. May 17, 2022); *Caruso v. Local 690, Int'l Bhd. of Teamsters*, 100 Wn.2d 343, 353, 670 P.2d 240 (1983) (citations omitted). But, "[i]n Washington, a libelous per se statement is actionable without proof of special damages only if the defendant acted with actual malice." *Demopolis v. Peoples Nat'l Bank of Wash.*, 59 Wn. App. 105, 116, 796 P.2d 426 (1990) (citing *Caruso*, 100 Wn.2d at 354). Plaintiffs have not produced clear and convincing evidence of actual malice for the reasons given above. Therefore, because they cannot prove actual malice (or the other elements of defamation), Plaintiffs cannot proceed on a defamation *per se* theory without proving actual damages.

REPLY RE: MOTION FOR SUMM. JUDGMENT - 9
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

Even a claim for defamation *per se*, however, requires proof of causation. *See Schmalenberg*, 87 Wn. App. at 593–600 (discussing cases). As discussed in Sawant's opening brief, Plaintiffs' claim fails because they cannot prove "harm factually caused by" Sawant's statements. Dkt. 119 at 27; *Schmalenberg*, 87 Wn. App. at 602. Nor have Plaintiffs shown that any false portion of Sawant's statements caused them "any separate or additional harm," *Duc Tan*, 177 Wn.2d at 666, or increased the "sting" of her statements, *Mark*, 96 Wn.2d at 496. Plaintiffs repeat their allegations that they were "ridiculed" and "had to move," but they offer no evidence whatsoever that these alleged damages were *caused by* any false portion of Sawant's statements, and not by the statements of others who similarly described Che Taylor's death as "murder," or by their identification in the press as the officers who killed him. *See* Dkt. 119 at 27–29. Plaintiffs' failure to establish a prima facie case of causation is an additional reason to grant summary judgment for Sawant.

**IV.    Plaintiffs have not shown an abuse of the right to free speech under the Washington State Constitution.**

Under Article I, § 5 of the Washington State Constitution, Councilmember Sawant has a right to "freely speak, write and publish on all subjects, being responsible for the abuse of that right." The Washington Supreme Court has held that this protection for free speech is greater than the First Amendment to the U.S. Constitution. *See, e.g.*, *Collier v. Tacoma*, 121 Wn.2d 737, 747, 854 P.2d 1046 (1993); *State v. Coe*, 101 Wn.2d 364, 374, 679 P.2d 353 (1984). Plaintiffs argue that Sawant has "abused her right to free speech" by describing their killing of Che Taylor as a "murder." Dkt. 125 at 24. But Plaintiffs have provided no evidence to support this claim, such as the presence of very young children at the protests at which Sawant spoke, or other evidence that would tend to show that her use of the term "murder" constituted an abuse of the right to free speech under the circumstances. *See, e.g.*, *Bering v. SHARE*, 106 Wn.2d 212, 245–46, 721 P.2d 918 (1986); *Federal Way Phys. v. Tacoma Stands Up for Life*, 106 Wn.2d 261, 268, 721 P.2d 946 (1986). The Court should find that the Washington Constitution protects Sawant's right to state her opinion that Che Taylor was murdered and grant summary judgment in Sawant's favor, but if

REPLY RE: MOTION FOR SUMM. JUDGMENT - 10
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

the Court should find it "necessary to ascertain the local law of this state in order to dispose of [this] proceeding," it should certify this question to the Washington Supreme Court. RCW 2.60.020; *see also Perez-Farias v. Global Horizons*, 668 F.3d 588, 589, 593 (9th Cir. 2011). Plaintiffs did not oppose certification, and it would be appropriate in this case.

**V.    The Court should strike Plaintiffs' undisclosed and late-disclosed witnesses.**

In support of their opposition to Sawant's motion, Plaintiffs submit declarations from five previously undisclosed witnesses. Dkt. 129–133. Because Plaintiffs never made their initial disclosures under Rule 26(a)(1)(A), these witnesses were not properly identified, and the Court should strike their declarations. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party *is not allowed to use that information or witness to supply evidence on a motion*, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). "Rule 37(c)(1) gives teeth" to the requirements of Rule 26(a). *Hoffman v. Constr. Prot. Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Id.* at 1178 (quoting *Yeti*, 259 F.3d at 1106). The "exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless." *Id.* at 1179. This is "a self-executing, automatic sanction to provide a strong inducement for disclosure." *Id.* at 1180 (quoting *Yeti*, 259 F.3d at 1106). The Court is not "required to make a finding of willfulness or bad faith" before excluding undisclosed evidence. *Id.* at 1180. "The implementation of the sanction is appropriate 'even when a litigant's entire cause of action . . . [will be] precluded.'" *Id.* at 1180 (quoting *Yeti*, 259 F.3d at 1106).

Striking Plaintiffs' previously undisclosed witness declarations is appropriate here, because Plaintiffs' failure to disclose their witnesses was not "substantially justified or harmless." *Id.* at 1179. Plaintiffs never made their required Rule 26(a) disclosures, despite being on notice of this deficiency. *See* Dkt. 102, ¶ 13 (noting that, as of November 15, 2022, Plaintiffs had not served

REPLY RE: MOTION FOR SUMM. JUDGMENT - 11
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

initial disclosures); Second Iglitzin Decl. ¶ 2. Nothing in Plaintiffs' witness declarations suggests that these witnesses were unknown to Plaintiffs or Plaintiffs' counsel, and Plaintiffs have not provided any justification for their total lack of disclosure.

It is also Plaintiffs' burden to prove that their failure to disclose these witnesses was "harmless." *Yeti*, 259 F.3d at 1106–07. Plaintiffs' failure to disclose the witnesses before the discovery cutoff was not "harmless," however, as Sawant had no opportunity to depose or question them. Even late disclosure "would have most likely required the court to create a new briefing schedule and perhaps re-open discovery." *Hoffman*, 541 F.3d at 1180. "Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless." *Id.* (citing *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)).

Plaintiffs also submitted the late-disclosed expert witness report and "rebuttal report" of John Hawkins. Dkt. 128. The Court should strike Mr. Hawkins's declaration and exhibits because Plaintiffs failed to disclose his reports before the applicable deadlines. The Court's Scheduling Order set a deadline of October 17, 2022, for the disclosure of expert witness reports, and a discovery cutoff date of December 11. Dkt. 80 at 1. Sawant timely disclosed her two expert witness reports. Dkt. 102, ¶ 8. Plaintiffs did not disclose Mr. Hawkins's report until November 18, 2022. Dkt. 111, ¶ 5. By the time they made this disclosure, Mr. Hawkins was out of the country and unavailable to be deposed before the discovery cutoff date. *Id.* ¶¶ 5–8. Plaintiffs later disclosed a "Rebuttal Report" by Mr. Hawkins on January 17, 2023. Second Iglitzin Decl. ¶ 4.

Plaintiffs' failure to disclose Mr. Hawkins's initial expert witness report was not substantially justified. As Plaintiffs and Mr. Hawkins both acknowledge, Plaintiffs have possessed Mr. Hawkins's report since 2017, and it was not updated or revised prior to disclosure in this matter. Dkt. 125 at 8; Dkt. 128, ¶ 2. Plaintiffs claim in their opposition that they provided Sawant with a copy of this report prior to filing this action, but they do not assert that in a sworn declaration, nor do they submit a copy of a certificate of service or any correspondence or other evidence that would tend to support their claim. Dkt. 125 at 8. Moreover, Sawant's counsel have no record of ever having received the report prior to November 18, 2022. Second Iglitzin Decl.

REPLY RE: MOTION FOR SUMM. JUDGMENT - 12
Case No. 2:18-cv-00506-MJP

¶ 3. The evidence before this Court therefore establishes that the report was not, in fact, provided to Sawant's counsel prior to November 18.

Even if Plaintiffs *had* disclosed Mr. Hawkins's report in 2017, however, that would not substantially justify their failure to timely disclose his report in this action. Sawant would have had no reason to assume that Plaintiffs would rely on Mr. Hawkins's 2017 report here, as his report was based on their original, state-court complaint, and only addressed one of the two speeches at issue in this case. *See* Dkt. 128, Ex. A, ¶ 3.

Plaintiffs' failure to timely disclose Mr. Hawkins's "rebuttal report" was not substantially justified, either. Rule 26 required Plaintiffs to disclose any rebuttal report by Mr. Hawkins "within 30 days" of Sawant's disclosure of Ms. Daugaard's expert report (the "subject matter" Mr. Hawkins purports to rebut). Fed. R. Civ. P. 26(a)(2)(D)(ii). Plaintiffs did not disclose Mr. Hawkins's rebuttal report until January 17, long past the 30-day limit, and over one month after the discovery cutoff.

Plaintiffs also cannot meet their burden to prove that their late disclosure of Mr. Hawkins's reports was "harmless." *Yeti*, 259 F.3d at 1106–07. Plaintiffs waited, whether deliberately or not, to disclose Mr. Hawkins's expert report until he was out of the country and unavailable to be deposed before the discovery cutoff. They waited to submit his "rebuttal report" until after the deadline to file the present summary judgment motion had passed. These facts demonstrate prejudice to Sawant, and the Court should strike Mr. Hawkins's declarations under Rule 37(c)(1).

The Court should also strike Mr. Hawkins's reports, in the alternative, because they are not "based on sufficient facts," Fed. R. Evid. 702(b). Mr. Hawkins's opinions are premised instead on the objectively false notions that the inquest proceeding "cleared officers Miller and Spaulding of any wrongdoing," and that the inquest jury found "these officers did not commit 'murder.'" Dkt. 128, Ex. A ¶¶ 4, 28. Mr. Hawkins bases his conclusion that "the word 'murder' cannot be used to describe the killing of Che Taylor" on the assumption that the inquest jury "found that officers Miller and Spaulding did not act criminally and illegally." Dkt. 128, Ex. B ¶ 7. This is false, as discussed above.

REPLY RE: MOTION FOR SUMM. JUDGMENT - 13
Case No. 2:18-cv-00506-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Further, to the extent that the remainder of Mr. Hawkins's conclusions concern the likely reputational damages he believes Plaintiffs may have suffered, Mr. Hawkins is not qualified as a damages expert, nor does he purport to be one. *See* Dkt. 128, Ex. A ¶ 1; Fed. R. Evid. 702(a). The Court should strike Mr. Hawkins's declaration and exhibits because they were not timely disclosed or, in the alternative, because his testimony will not assist the trier of fact to understand the evidence or to determine a fact in issue, and is neither relevant nor reliable. Fed. R. Evid. 702(a); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–49 (1999) (discussing application of *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), to non-scientific testimony).

## VI.    The Court should consider the expert testimony of Lisa Daugaard.

The Court should consider the expert witness testimony of Lisa Daugaard in support of Sawant's motion for summary judgment. Plaintiffs seemingly only object to Ms. Daugaard's opinions that, in her experience, laypeople generally do not distinguish between degrees of criminal homicide when using the term "murder," and that many people did describe Che Taylor's death as "murder." Dkt. 125 at 7. Plaintiffs suggest that the only expert capable of offering an opinion on the meaning of the word "murder" is a professional linguist. But, the question in this case is not what the word "murder" means to a linguist, or according to the dictionary, but what it meant *in the specific and broader social context* in which Sawant spoke when she described Che Taylor's death, specifically, as a "murder." Ms. Daugaard is qualified to speak on these issues based on her over 24 years of experience as a criminal defense attorney, her work as a police reform and racial justice advocate, and her direct experience with the Che Taylor case. *See* Dkt. 120-1, Ex. 29 at 1–3. Her testimony concerns her "personal knowledge or experience" and, considering the particular facts of this case, her testimony is both relevant and reliable. *See Kumho Tire*, 526 U.S. at 150. The Court should not exclude Ms. Daugaard's testimony.

//

//

18 WEST MERCER ST., STE. 400

SEATTLE, WASHINGTON 98119

TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**

**IGLITZIN &**

**LAVITT LLP**

**CONCLUSION**

Because Plaintiffs have failed to show the existence of any genuine dispute of material fact, and have failed otherwise to establish a prima facie case on all four elements of defamation, the Court should grant summary judgment for Sawant on all of Plaintiffs' remaining claims.

RESPECTFULLY SUBMITTED this 3rd day of February, 2023.

*s/Dmitri Iglitzin*
Dmitri Iglitzin, WSBA No. 17673
*s/Darin M. Dalmat*
Darin M. Dalmat, WSBA No. 51384
*s/Jacob Harksen*
Jacob Harksen, MNBA No. 0400097*
*admitted pro hac vice
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
(206) 257-6038
iglitzin@workerlaw.com
dalmat@workerlaw.com
harksen@workerlaw.com

*s/James E. Lobsenz*
James E. Lobsenz, WSBA No. 8787
**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
(206) 622-8020
(206) 622-8983
lobsenz@carneylaw.com

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**