UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT MILLER, MICHAEL SPAULDING, | CASE NO. C18-506 MJP |
| Plaintiffs, | ORDER GRANTING MOTION FOR EXPERT DEPOSITION EXPENSES |
| v. | |
| KSHAMA SAWANT, | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Costs and Expert Deposition Expenses. (Dkt. No. 142.) Having review the Motion, Plaintiffs' Opposition (Dkt. No. 145), the Reply (Dkt. No. 147), and all supporting materials, the Court GRANTS the Motion. The Court has already ruled on the portion of Defendant's Motion seeking taxable costs, and this Order only rules on the request for expert deposition expenses. (See Taxation of Costs (Dkt. No. 148).)

**BACKGROUND**

The Court granted summary judgment in Defendant's favor and terminated this action. (Dkt. No. 138.) Defendant filed a motion for bill of costs and for recovery of expert deposition expenses. (Dkt. No. 142.) The Clerk has taxed costs in the amount of $1,412.70. (Dkt. No. 148.) As to expert deposition expenses, Defendant seeks $1,367.50 for Professor Gregory Gilbertson's deposition fees, which reflects two-and-a-half hours of deposition preparation at $250 per hour and one-and-a-half hours of deposition testimony at $495 per hour. (See Dalmat Decl. Ex 1 (Gilbertson Invoice) (Dkt. No. 144).) Defendant also seeks $1,770 for Lisa Daugaard's deposition, which includes five-point-nine hours at $300 per hour for deposition preparation, deposition attendance, and transcript review and correction. (Dalmat Decl. Ex. 2 (Daugaard Invoice).) Defendant seeks a total of $3,137.50.

**ANALYSIS**

Defendant requests the payment of expert deposition fees pursuant to Rule 26(b)(4)(E), which states:

> Unless manifest injustice would result, the court must require that the party seeking discovery:
>
> (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and
>
> (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Fed. R. Civ. P. 26(b)(4)(E).

The Court finds the request for the time spent by the experts preparing, sitting for, and reviewing their depositions to be reasonable and the amounts incurred are appropriately awarded to Defendant. An award of these expenses falls squarely within the ambit of Rule 26(b)(4)(E) and the Court finds no basis to conclude that manifest injustice would result if the Court were to

1    award these expenses. The Court therefore finds that the award of the requested expenses is

2    proper and awards the requested expenses.

3           Plaintiffs raise two primary arguments in opposition, neither of which convinces the

4    Court. First, Plaintiffs argue that Daugaard is not an expert and cannot claim fees. Plaintiffs

5    raised the issue of Daugaard's expertise in opposition to Defendant's motion for summary

6    judgment. The Court declined to reach this issue and there has been no finding that Daugaard is

7    not an expert. Considering Daugaard's qualifications and the nature of her opinions, the Court

8    finds that she was employed in this action in the role of an expert and that her time spent is

9    recoverable. And as the Seventh Circuit has concluded, an expert need not present her opinions

10   to the trier of fact for the fees to be recovered under Rule 26(b)(4)(e). See Crabtree v. Experian

11   Info. Solutions, Inc., 948 F.3d 872, 884 (7th Cir. 2020). As such, the Court allows recovery of

12   her expenses in accordance with Rule 26(b)(4)(E).

13          Second, Plaintiffs argue that no time spent preparing should be allowed. There is no clear

14   guidance from the Ninth Circuit. Some district courts have denied the request for preparation

15   time, reasoning that it would be unfair to impose costs of preparation time on the deposing party,

16   given that they cannot control the amount of time spent. See Rock River Comm's, Inc. v.

17   Universal Music Group, 276 F.R.D. 633 (C.D. Cal. 2011). Other district courts have allowed

18   preparation time, noting that witness preparation is a core part of any deposition and is

19   compensable time. See Schmidt v. Solis, 272 F.R.D. 1, 3 (D.D.C. 2010); Borel v. Chevron

20   U.S.A. Inc., 265 F.R.D. 275, 277 (E.D. La. 2010). And some district courts have capped the

21   reimbursement of preparation time at a ratio of 3:1—preparation time v. deposition time. See

22   Script Security Solutions v. Amazon.com, No. 2:15-CV-1030-WCB, 2016 WL 6649721, at *6

23   (E.D. Tex. Nov. 10, 2016). Here, Gilbertson spent two-and-a-half hours preparing for a one-and-

24

1   a-half-hour deposition while Daugaard spent two-point-two hours preparing for a one-point-six-

2   hour deposition. The Court finds that the amount of time spent in preparation is properly

3   included under Rule 26(b)(4)(E) and that the amounts spent were reasonable, particularly since

4   they fall well within the ratio identified in the <u>Script Security</u> case. The Court rejects Plaintiffs'

5   argument.

6          Plaintiffs lastly ask that the Court offset any award of expert expenses by the amount

7   Defendant was ordered to pay Plaintiffs by the Ninth Circuit. The Court finds this request

8   reasonable, and Defendant has not challenged the amount of the offset. (<u>See</u> Reply at 6-7.) The

9   Court therefore OFFSETS the award in the amount of $664.80. The Court awards Defendant

10  $2,472.70.

11                                    **CONCLUSION**

12         The Court finds that Defendant's request for expert expenses is appropriate and properly

13  awarded under Rule 26(B)(4)(e). The Court therefore GRANTS the Motion and, accounting for

14  the offset, awards $2,472.70.

15         The clerk is ordered to provide copies of this order to all counsel.

16         Dated June 15, 2023.

17

18                                    Marsha J. Pechman
                                      United States Senior District Judge

19

20

21

22

23

24